[Civ. No. 7702. Third Dist. Dec. 20, 1949.]

BEULAH JIRAL, Respondent, v. W. H. DAY, Appellant.

Seth Millington for Appellant.

Sherman C. Wilke for Respondent.

PEEK, J.—This controversy arises out of an alleged breach by defendant Day of a written contract to purchase certain real and personal property owned by the plaintiff Jiral.

The complaint, in substance, alleged that plaintiff was the owner of a certain dwelling house (which is referred to in the record as a flat or apartment building) together with the furniture and furnishings located therein; that by the terms of a written contract between the parties plaintiff agreed to sell and defendant agreed to buy said property in accordance with the terms set forth in said contract; that plaintiff performed all of the covenants and conditions on her part and was ready, willing and able to convey to defendant in accordance with said contract but that defendant refused to perform as therein agreed which failure resulted in certain alleged damages to plaintiff. Defendant's answer admitted the execution of said contract but denied that she had breached the same or that plaintiff had fully performed. In addition defendant, by cross-complaint, affirmatively alleged that said contract was merely a preliminary agreement which was to be redrafted by plaintiff's attorney to express the true intention of the parties; that a subsequent agreement was so prepared; that upon receipt of the same it was signed by defendant and returned to plaintiff for her signature, but that plaintiff refused to execute the same or to deliver possession of the premises to defendant, thereby resulting in certain alleged damage to defendant. Plaintiff's answer to the cross-complaint denied in general the allegations thereof, and the cause proceeded to trial upon the issues so raised. Findings of fact were adopted favorable to plaintiff and judgment in her favor was entered accord-

ingly. Defendant's motion for a new trial was denied and she thereafter filed her notice of appeal from the judgment as entered.

Although the points raised by appellant in her brief are not separately stated they appear to be (1) that the evidence is insufficient to sustain the findings of the trial court, first, as such findings relate to the agreement hereinafter set forth, and second, as they relate to the furniture and furnishings in the premises, and (2) that a purchaser in an executory contract for sale of real property is "entitled to possession of the property by implication."

█ The agreement upon which plaintiff's complaint was predicated is as follows:

"December 12, 1947.

"I hereby sign and agree to pay on July 15, 1948 Eight Thousand ($8,000) as first installment and down payment for property located at 516 and 518 15th St. Sacramento, Calif. A total Balance of 5500 to be paid in full on or before December 31, 1948. All furniture now in house remains as is. Payment of $50.00 monthly to be paid by said Purchaser for upkeep of property up to such time as property is paid for in full.

"A total of $13,500 for 516 & 518-15th is to be paid by Dec. 31, 1948.

"Property will be clear & a clear title of insurance.

Taxes are paid up to April of 1948.

Lot 40' x 80'

Mrs. W. H. Day
Beulah Jiral

"Witness
　　　Charles F. Christy
　　　Joseph J. Jiral"

The evidence, most of which was contradictory, discloses that the parties to the contract, the husband of plaintiff and the daughter and son-in-law of defendant, viewed the premises on December 12, 1947, that thereafter, and on the same day, the foregoing agreement was prepared and executed at plaintiff's home. Although the contract is wholly in the handwriting of plaintiff, there is evidence that defendant together with her daughter and son-in-law participated in, or as plaintiff stated "dictated" the drafting thereof, that at said time plaintiff suggested that the contract should be prepared by an attorney but that defendant declined upon the ground that by preparing the same themselves they could

thereby save an attorney's fee. The record further discloses testimony by plaintiff that it was understood by all parties that because of O.P.A. regulations she could not dispossess the tenants then in possession, that the omission of any reference in the agreement as to when the defendant was to receive possession of the premises was deliberate and that the second document which, although drafted by her attorney was not at her request but at the request of the daughter and son-in-law of defendant, and because it contained a clause relative to the possession of the premises by defendant she refused to sign.

■ The evidence in support of the court's finding, that the parties understood that the furniture mentioned in the contract was such furniture that was then upon the premises and owned by the plaintiff and did not include furniture owned by any tenants, shows that at the time of their inspection of the premises plaintiff designated several items of furniture in the two flats which did not belong to her and which were owned by the tenants. Plaintiff further testified it was understood that the furniture owned by the tenants was not included in the sale of the property. Her testimony in this regard was corroborated by that of her husband.

While it is true that the record does contain evidence such as is relied upon by appellant in support of such contention it is also true that appellant has failed to consider that substantial evidence to the contrary introduced on behalf of respondent also appears in the record. (See *Goldring* v. *Goldring*, 94 Cal.App.2d 643, 645 [211 P.2d 342].) Under such circumstances this court has no power but to affirm the findings so supported. It necessarily follows that since the conclusion of the trial court was predicated upon substantial evidence our power of review in that respect is at an end. (*Overton* v. *Vita-Food Corp.*, 94 Cal.App.2d 367, 370 [210 P.2d 757].)

■ In support of appellant's final contention it is argued that although the informal agreement of December 12th did not refer to a right of possession in the defendant nevertheless plaintiff knew that the only reason for the agreement was the immediate acquisition of a home for the defendant's children; that possession was the only element which gave value to the agreement and that without it the agreement would never have been consummated. Although counsel for appellant states that there are no California cases in point it

would appear that since the early cases of *Tewksbury* v. *Laffan* (1850), 1 Cal. 129, and *Gaven* v. *Hagen* (1860), 15 Cal. 208, the mere existence of an executory contract for the sale of real property does not give rise to an ''implication of a license to enter.'' (15 Cal. 212.) And while subsequent cases have observed that courts will not be guided alone by the bare principle that possession follows the legal title, nevertheless if from all the facts and circumstances it cannot be said that there exists an implication or inference that the vendee was to be placed in possession or that such possession was contemplated by the parties the courts will follow the rule without qualification. (*Francis* v. *West Virginia Oil Co.*, 174 Cal. 168, 170 [162 P. 394].) An examination of the record in light of the enunciated rule discloses substantial, although conflicting, evidence in support of the implied finding that the vendee was not to be placed in immediate possession of the premises.

The judgment is affirmed.

Adams, P. J., and Thompson, J., concurred.