[Civ. No. 18204. Second Dist., Div. Three. Aug. 20, 1951.]

L. SIMON MORRELL et al. Respondents, v. IRVING T. CLARK, Appellant.

L. D. DICKER, Respondent, v. IRVING T. CLARK, Appellant.

Leslie E. Hubbard and Frank L. Stearns for Appellant.

A. W. Brunton and William B. Magid for Respondents.

SHINN, P. J.—Jose D. Carter conceived the plan of manufacturing a little automobile to be sold to the public for $595 each. He took as a name for his parent company, International Motor Car Company, and for a subsidiary under which he would market his cars, International Motor Car Sales Company, and he named the little creation the "Towne Shopper." He also adopted the unoriginal plan of obtaining finances by selling distributorships, and through the distributors, dealerships, authorizing the holders of exclusive territorial rights to sell the vehicles if and when they should become a reality. Mr. Carter operated out of San Diego under the names above stated and later as Carter Motor Car Corporation, successor to his other corporations. Defendant Irving T. Clark acquired, for a substantial consideration, the exclusive right and privilege of selling any and all the "Towne Shoppers" and their parts in the State of California. He was authorized to appoint dealers and to sell them exclusive territorial rights. Plaintiff L. Simon Morrell, of Santa Monica, became interested and entered into a dealer's contract which gave him the exclusive right to sell the "Towne Shopper" within the City of Santa Monica. He paid Clark $2,000 for the privilege. Henry H. Haddon acquired a dealership, paying Clark $1,500 for a franchise and $500 as a deposit on five cars. Alfred A. Ruffalo, Michael Parisi and Rudolph O. Penn each paid the same amount for a "franchise." Some of the money paid represented deposits on cars to be delivered later. Morrell sued Clark for the return of his money and for certain other

sums as damages; Haddon, Ruffalo, Parisi and Penn assigned their claims against the defendants to L. D. Dicker. Dicker sued for the return of the money paid by his assignors. The two actions were consolidated for trial and judgment was rendered in favor of the plaintiffs. The defendants, other than Clark, defaulted. Clark appeals. The theory of the actions is for money had and received, based upon alleged fraud and failure of consideration.

█ In the opening brief of appellant it is said: "The findings of fact and conclusions of law are not supported by the evidence, oral or documentary, adduced at the time of trial." This statement is repeated as to finding No. IV and as to findings Nos. V and VI. Nowhere do we find in the briefs of appellant a statement of the evidence bearing upon these findings, nor any analysis of the same in the development of the claim of insufficiency. We are not called upon to make a critical examination of the record under such a presentation of the claim of insufficiency of the evidence (*People* v. *One 1938 Buick Sedan*, 39 Cal.App.2d 42 [102 P.2d 447]; *Wieczorek* v. *Texas Co.*, 45 Cal.App.2d 450 [114 P.2d 377]; *California Prune etc. Assn.* v. *Nicholson (H. R.) Co.*, 69 Cal.App.2d 207 [158 P.2d 764]; *Goldring* v. *Goldring*, 94 Cal.App.2d 643 [211 P.2d 342].) We have nevertheless familiarized ourselves with the record.

Finding No. IV is that all the allegations of the Dicker complaint are true. Findings Nos. V and VI are that when the so-called dealers acquired their franchises and made their deposits, the "Towne Shopper" was, and at the time of trial still remained, in an experimental stage.

██ The complaint in the Morrell case alleged that Clark represented to plaintiffs that a demonstrator could be delivered within 60 to 90 days, that more cars could be expected within 120 days, and that the "Towne Shopper" had been sufficiently designed and tested to go into production. It was alleged that the representations were false, but it was not alleged they were known to be false or that Clark did not have reason to believe they were true. The evidence was no stronger than the averments of the complaint. In the several causes of action in the Dicker case it was alleged that when the various agreements were made defendants "well knew that there were no automobiles, motor cars or parts manufactured or being manufactured or to be manufactured by said International Motor Car Company, but nevertheless said defendants did fraudulently induce plaintiffs' assignor to pay to and deliver

to said defendants the sum of $2,000.'' The only representations made appear to have consisted of promises that a demonstrator would be delivered in 30 or 60 days and more cars within 120 to 150 days after they should be ordered. Defendant Clark made the objection that the complaints failed to state a cause of action for fraud and the objection was overruled. We do not regard the pleadings or proof of fraud to be sufficient in either case. There was an implied representation that the car had been successfully designed but all the evidence tended to prove that Clark had faith in Carter's ability to turn out a successful car in quantities. He had paid a large sum for his distributorship and advanced some $10,000 to Carter to be used in the business. It is clear from the record that he was just as credulous and as disappointed as his dealers were.

But aside from the fraud issue, total failure of consideration was pleaded. Clark contracted to deliver cars, took the money of his dealers and delivered nothing. As to each of the dealers a good cause of action for money had and received was pleaded and proved.

Before he brought suit Morrell gave notice of rescission and demanded the return of his money. He also alleged breach of contract and failure of consideration. He alleged that in reliance upon his agreement with Clark he had procured a place of business in Santa Monica and that in maintaining the same and preparing to enter the automobile business he expended the sum of approximately $600 before he learned of the inability of the defendants to develop and manufacture a small automobile. By the judgment Morrell was awarded $2,000, with interest thereon, as the amount paid for his franchise and $315.81 as special damages consisting of his expenditures in maintaining business headquarters. Nowhere in the briefs of appellant do we find the contention advanced that there was not a total failure of consideration. The evidence would admit of no other conclusion. Morrell was therefore entitled to the return of his money. A large part of appellant's argument is devoted to a discussion of the special damages awarded Morrell. There was evidence to support the finding as to the amount of his damage. His complaint alleged not only failure of consideration but breach of contract on the part of Clark. It is true that rescission by Morrell was alleged but this was unnecessary since there was total failure of consideration, and it was also unnecessary for the court to declare a rescission. There can be no doubt that

Morrell's necessary expenditures were made in reliance upon Clark's promise to deliver cars and that the amount thereof constituted damage proximately caused by Clark's total failure to make delivery. ■ It was proper for the court to award any relief that was within the issues pleaded and tried and which was justified by the evidence. The breach of the contract by Clark was complete and it was well pleaded. The judgment in favor of Morrell properly included the amount awarded as special damages.

■ In the Dicker case the judgment was for the total of the several amounts paid Clark by Dicker's assignors with interest from the respective dates of payment. These amounts plus interest were properly awarded under the pleadings and upon proof of total failure of consideration consisting of the failure of Clark to furnish any cars to the dealers. In such cases recovery may always be had of the consideration paid. (*Richter* v. *Union Land etc. Co.*, 129 Cal. 367 [62 P. 39].)

■ We find no merit in the contention that the two actions were improperly consolidated. About one half of the testimony in the case was given by Clark, most of it being applicable to each case. This would appear to have been to the advantage rather than disadvantage of the parties and certainly saved much of the time and expense that would have been wasted in separate trials.

There are no other points which require discussion. The case was fairly tried and justly decided.

The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.