[Civ. No. 20225. Second Dist., Div. Three. Nov. 26, 1954.]

WALTER CLARK SHUMAKER, Appellant, v. EDITH MAY FOSTER et al., Respondents.

Hyman O. Danoff and Robert B. Heggen for Appellant.

Bailie, Turner, Lake & Sprague, R. Leslie Sparks and Richard W. Sprague for Respondents.

SHINN, P. J.—Plaintiff brought this action for "rescission, declaratory relief and money had and received." The principal defendant (hereinafter referred to as defendant) is Edith May Foster, also known as Edith May Shumaker. Plaintiff obtained a judgment against this defendant for $9,383.16. Charles T. Rippy and wife and Charles T. Rippy, Jr., and wife were named as defendants. Judgment was in their favor. Plaintiff appeals.

The following is a condensed statement of the facts alleged in the complaint. Plaintiff was 72 years of age and a sufferer from senile dementia, alcoholism and loss of memory; Edith conceived the idea of acquiring for herself all of his property; she caused him to become intoxicated and to enter into a ceremony of marriage at Tijuana, Mexico. She represented that he should transfer all of his property to her for his best interests and to preserve the same for his use. These were false representations made with intent to deceive plaintiff; she caused him to be hospitalized in several mental institutions; he believed her representations and pretenses and transferred

to her all of his property in reliance upon the same. Plaintiff owned two parcels of real property, Parcel 1 being the north 50 feet of Lot 1, Block 10, Tract 2761, in Los Angeles County, and Parcel 2 being the remainder of Lot 1. Parcel 1 was worth $8,950, Parcel 2, $5,000. Plaintiff had $8,791.59 in savings accounts and $8,000 in investment certificates. His total assets had a value of $30,741.59.

It was alleged that defendant caused Parcel 2 to be conveyed to defendants Rippy and that said defendants took title with knowledge of the alleged frauds of the defendant Foster. In a second cause of action it was alleged that the transfer of Parcel 2 was without consideration and was induced by the exercise of undue influence and by taking advantage of the intoxication and mental and physical weakness of plaintiff. Rescission of this conveyance was sought and also a declaration of the rights of the parties in and to the property. A third cause of action was for the recovery from defendant Foster of $23,225 as for money had and received.

The court found that plaintiff was not mentally incompetent but was bordering on mental illness and incompetency, was approximately 72 years of age, suffering from senile dementia, alcoholism and loss of memory and that he was and is an unmarried man. The court also found that defendant Foster did not make all or any of the alleged fraudulent representations and pretenses and was not guilty of actual fraud. However, the court made certain additional findings.[1]   It was

[1] "It is true that at several respective times on and before October 1, 1951, the plaintiff, improvidently and for no tangible consideration, caused an undivided half-interest in all his said property described in paragraph I hereof to be vested in said defendant, Edith May Foster, and placed her in a position to have full charge and management not only of her half-interest in said property but also of his half-interest, confiding in and trusting her to wisely, frugally and efficiently manage and conserve said property for his best interests, believing in the existence of a mutual affection between them; that said defendant voluntarily accepted the responsibilities of said trust knowing full well plaintiff's state of mind and the confidence thus placed in her and knowing that the property thus placed under her management and disposition constituted all or virtually all of plaintiff's property and the savings and accumulation of his lifetime, and that the most conservative, honest and economical management and handling of said property was necessary to financially and reasonably safeguard the plaintiff and to protect his future against destitution.

"That when said Parcel 2 of real estate was sold as hereinabove found, defendant Edith May Foster took possession of all the proceeds from said sale in like manner and in the same circumstances and with the same understanding as prevailed in reference to the other properties hereinabove in this paragraph mentioned.

"That altogether, there passed into said defendant's hands, control and management, as hereinabove set forth, the sum of $22,330.00 in

also found that defendant Foster was indebteded to plaintiff in the sum of $9,383.16 as and for money had and received; as to defendants Rippy, it was found that plaintiff and defendant sold Parcel 2 to Burton L. Lamb for $4,650; that the consideration was fair and adequate and the sale fair and regular in all respects; that plaintiff and defendant executed a deed, plaintiff being competent, with legal capacity and having full knowledge of the force and effect of the deed; also that Lamb and wife conveyed the property to Rippy, Sr., and wife who conveyed it to Rippy, Jr., and wife and that the latter borrowed money on a first trust deed on the property from American Savings and Loan Association, improved the property with a dwelling and a garage, and that the same as improved was worth $14,500. It was found that plaintiff was estopped and barred by laches from rescinding his conveyance of the property. The judgment quieted the title of Rippy, Jr., and wife. It also declared that Parcel 1 is owned by plaintiff and Edith May Foster as joint tenants.

Plaintiff's first point is "Plaintiff's uncontradicted evidence supports rescission." Under this point it is argued that the only conclusion that could reasonably be drawn from the evidence was that defendant Foster was guilty of the fraud alleged. ▮ Plaintiff has not set out in his brief or a supplement the evidence bearing upon the allegations of fraud. We will therefore not inquire into the sufficiency of the evidence to support the court's finding that there was no actual fraud. (*Morrell* v. *Clark*, 106 Cal.App.2d 198 [234 P.2d 774].) Under the same point it is argued that the evidence demonstrated that plaintiff was incompetent and without understanding of what he was doing or had done. Incompetency was not alleged; upon the contrary it was alleged that plaintiff was not incompetent. ▮ Moreover, it appears from plaintiff's brief that the evidence as to competency was in substantial conflict. On the appeal the finding that plaintiff was not incompetent will be deemed as conclusive.

---

cash, derived from property formerly exclusively owned by the plaintiff, and of which, as hereinabove set forth, he transferred to said defendant an undivided half interest; that in disregard of her duty as trustee, said defendant, through excessive gambling and other forms of prodigality, wasted and dissipated nearly all of said funds, without benefit to plaintiff and to his loss and damage, and she has accounted for the expenditure of only the sum of $3,563.68 thereof, so that no account has been rendered for the disposition of $18,766.32, no part of which she now holds. That conceding the validity of the transfer to her of a half-interest in said sum of $18,766.32, one-half thereof, to wit, $9,383.16, was the property of the plaintiff.''

The second point is that "The trial court's findings require rescission."

Plaintiff placed in joint tenancy with defendant both parcels of real property. In view of the finding that defendant had dissipated and squandered the savings of plaintiff, the remedy of rescission would be applicable only to the transaction in which plaintiff gave defendant a joint tenancy interest in Parcel 1 and to the conveyance to Burton L. Lamb of Parcel 2. ■ It is argued that the finding quoted above with respect to the trust relationship between plaintiff and defendant, the latter's acquiring a half interest in and control of the remainder of plaintiff's property as a trustee, and her breach of trust, was in reality a finding of actual fraud and inconsistent with the court's finding that there was no actual fraud. Wherefore, it is contended, rescission should have been adjudged as to the transfer to defendant of a joint tenancy interest in Parcel 1. There is no inconsistency in the two findings. The finding we have quoted was not a finding of fraud in obtaining interests in and control over plaintiff's property. Defendant's intention to rob plaintiff of his property could have been conceived after she got control of it. It is stated in the briefs that defendant recorded a declaration of homestead on Parcel 1. The court made no finding as to this fact but adjudged that plaintiff and defendant were the owners of the property in joint tenancy. Rescission as to Foster was sought upon the ground of fraud, which the court found was not proved. Rescission was not sought upon the ground that consideration for the transfer had failed in that the consideration was the expectation that defendant would be a faithful trustee, which duty she flagrantly violated. The finding as to the existence of a trust relationship with respect to all the property transferred to defendant gives plaintiff all the redress to which he was entitled under the pleadings and the findings. The declaration of the judgment that Parcel 1 is owned in joint tenancy by plaintiff and defendant is not a declaration that defendant holds her interest free from her obligations as trustee or that her declaration of homestead is valid as against plaintiff.

■ With respect to plaintiff's claim to a right of rescission of the transfer to Lamb of Parcel 2, title to which is held by Rippy, Jr., and wife, it is sufficient to refer to the court's finding that plaintiff is estopped and barred by laches from asserting title to that parcel. The deed to Lamb was executed for an adequate consideration on March 25, 1952.

The present action was instituted August 12, 1952. In the meantime, Lamb had sold to Rippy, Sr., and the latter and his wife had sold to Rippy, Jr., and wife, who had borrowed money on the property from American Savings and Loan Association. ■ It is elementary that one claiming the right to rescind must act diligently and that his right to rescission is lost if during a period of unexcused delay, the rights of third parties have intervened so as to render rescission impracticable or inequitable. (Civ. Code, § 1691; *Estrada* v. *Alvarez,* 38 Cal.2d 386 [240 P.2d 278].) Plaintiff alleged no facts which would have justified his delay in attempting to rescind the transfer. His conveyance of the property was voluntary. He produced no evidence which would have placed defendants Rippy under a duty to prove that they were bona fide purchasers, There was no evidence that would have warranted the court in requiring those defendants to transfer to plaintiff property worth $14,500 in return for $4,650.

The findings established that defendant received from plaintiff in trust and for his use and benefit property of the value of $22,330 and that she had accounted for only $3,563.68 for which she was entitled to credit; that she had dissipated and used without benefit to plaintiff, to his loss and damage, the sum of $18,766.32. From these facts it would follow as a necessary legal conclusion that plaintiff was entitled to judgment in the latter amount.

The judgment is modified by substituting therein "$18,-766.32" for the figure "$9,383.16" and, as modified, is affirmed; appellant to recover costs against respondent Foster; respondents Rippy to recover costs against appellant.

Wood (Parker), J., and Vallée, J., concurred.

A petition for a rehearing was denied December 21, 1954.