[Civ. No. 21468.   Second Dist., Div. Three.   Oct. 25, 1956.]

Estate of LOREEN E. PALMER, Deceased.   HERBERT A. PALMER, Appellant, v. KATHARINE ANN McBRIDE, a Minor, etc., et al., Respondents.

Frederick G. Stoehr for Appellant.

Calvin L. Helgoe and John K. Ford for Respondents.

SHINN, P. J.—Loreen E. Palmer was the surviving wife of Norman L. McBride. On or about November 16, 1947, she went to Yuma with Herbert A. Palmer where she was married to him. She died December 8, 1949, at the age of 58. On July 23, 1948, she executed a will in which she made certain bequests to her mother, Elizabeth Thornton Bernin, to Katharine Ann McBride, and to Hugh Kingsbury, and the remainder of her estate she left to trustees for the support and maintenance of her mother during her lifetime. Upon the death of the mother the trust was to terminate and the corpus remaining was to go to Katharine Ann McBride, Deanna McBride and Norman L. McBride III (erroneously mentioned in the will as Norman L. McBride, Jr.), grandchildren of the deceased husband. There was also a bequest of $4,000 of the trust estate to be used upon certain conditions for the education of a nephew of the deceased husband of testatrix. Elizabeth Thornton Bernin predeceased testatrix and the three McBride children first named claim the interests which they were to receive under the will. The 1948 will recited: "FOURTH: I am intentionally making no provision in this my Will for my husband Herbert A. Palmer, for the reason that all of the property comprising my estate is my separate property, the same having been acquired prior to my marriage to Herbert A. Palmer." Mrs. Palmer made another will September 30, 1949. It recited that she had no children of her own. She left three paintings to Hugh Kingsbury, another painting to Mrs. Oreena O'Neill, an emerald ring to Katharine Ann McBride and the remainder of her estate to her husband provided that if he failed to survive her by 180 days the same was to go to Katharine, Deanna and Norman McBride III; if Herbert A. Palmer and said children did not survive distribution, the estate was to go to the daughters of Herbert A. Palmer, residents of

Pleasantville, New York. The will contained a clause disinheriting any beneficiary who might oppose the will. Herbert A. Palmer was named as executor to act without bond. Upon his petition the will was admitted to probate and he was appointed executor. Katharine, Deanna and Norman III filed a petition to revoke probate. They allege (1) nonexecution; (2) incompetency of testatrix; (3) the exercise of undue influence by Herbert A. Palmer through advantage taken of his confidential relationship toward decedent; (4) the actual exertion of undue influence upon testatrix by Herbert A. Palmer; (5) the making of false accusations and representations to testatrix by said Palmer concerning the contestants by which she was induced to execute a will in his favor to the exclusion of contestants. Herbert A. Palmer answered. The action was tried to the court; findings were against the contestants except as to the third and fourth grounds of contest. The court found that a confidential relationship existed between testatrix and Herbert A. Palmer; that he unduly profited by the will of September 30, 1949, was active in its preparation, that he solicited the execution of the document, took advantage of the illness from which his wife was suffering, dominated her mind and will so as to bring about its execution and that but for the conduct of said Herbert A. Palmer she would not have executed the will. Judgment was entered revoking probate of the will. Herbert A. Palmer appeals.

We shall discuss the grounds of appeal in order.

The first ground is ''There is no evidence of undue influence at the time the will was executed''; the second ground ''Circumstantial evidence which might raise a suspicion is insufficient to prove undue influence''; the third ground ''Contestant's evidence establishes there was no confidential relationship between testatrix and proponent''; the fourth ''The evidence does not support the finding that a confidential relationship existed between Herbert A. Palmer and Loreen E. Palmer'' and the fifth ''Appellant has exerted no pressure to overpower the will of testatrix.'' Other points will be discussed separately. The foregoing five grounds of appeal add up to a claim that the findings of the exercise of undue influence are without substantial support in the evidence.

The opening brief of appellant contains what is captioned ''Statement of Facts.'' It consists of nine pages devoted exclusively to a statement of the evidence that was favorable to appellant. It completely ignores the evidence that was

adverse to him and favorable to the respondents. Ten witnesses testified on behalf of respondents. Their testimony covers some 360 pages or considerably more than half of the reporter's transcript. In advancing the contention that the evidence and the inferences most favorable to respondents did not furnish substantial support for the findings of the exercise of undue influence by appellant, it was incumbent upon appellant to point out the claimed weakness of the evidence which, of course, necessitated a fair statement of it either in the brief or in a supplement. Appellant has made no attempt to do this. He has done little more than relate the testimony of the attorneys who prepared the will and the circumstances of its execution, although he has incorporated statements laudatory of himself and assertions disparaging of contestants. In his reply brief we find the following statement: ''Appellant has heretofore refrained from commenting on the unsubstantial character of the mass of respondents' hearsay and irrelevant testimony which is contrary to documentary evidence, and testimony which was introduced by means of eliciting affirmative answers to leading questions propounded by Respondent's attorney. The unsubstantial character of respondents' evidence; the theory urged and adopted by the trial court for its admission; its misuse by respondents, and errors committed by the trial court furnish separate and cumulative grounds for reversal of the judgment.'' The presentation made by appellant is in flagrant violation of settled practice in the reviewing courts. A claim of insufficiency of the evidence to justify findings, consisting of mere assertion without a fair statement of the evidence, is entitled to no consideration, when it is apparent, as it is here, that a substantial amount of evidence was received on behalf of the respondents. Instead of a fair and sincere effort to show that the trial court was wrong, appellant's brief is a mere challenge to respondents to prove that the court was right. And it is an attempt to place upon the court the burden of discovering without assistance from appellant any weakness in the arguments of the respondents. An appellant is not permitted to evade or shift his responsibility in this manner. We repeat a statement we made in *Goldring* v. *Goldring*, 94 Cal.App.2d 643, 645 [211 P.2d 342] : ''. . . [w]e do now give notice that henceforth it will be the practice of this court to disregard claims of insufficiency of the evidence even though that be the only ground of appeal, where the appellant has failed to make a satisfactory statement in

the opening brief, or a supplement thereto, of the evidence claimed to be insufficient, with transcript references. Counsel who ignore the rule may expect affirmance of the judgment or order appealed from in proper cases.'' We have not held appellants to strict account where there has been an attempt, even though a poor one, to make a fair statement of the evidence, with transcript references, but this is not such a case. Where there is a finding of the use of undue influence which is challenged for insufficiency it is necessary that each member of this court should have a thorough knowledge of the material evidence. In what may be a close case the question is not one to be answered without a careful study of the entire evidence. Briefs are not a substitute for such a study, but without proper briefs, with appropriate transcript references, the work of the court is made more difficult. Time is a constant factor in the court's work. It is of concern to all litigants who are awaiting a hearing. We therefore take time to reaffirm our statement in the Goldring case, which we are applying here. When an appellant makes an obviously one-sided and unfair statement of the evidence which he claims to be insufficient to support the findings we shall not feel that we have a duty to make an independent study of the record. We must either adopt that course or tolerate practices which are contrary to first principles of appellate procedure and which place undue burdens upon the court.

The next points urged by appellant are four in number and read as follows: ''VI. Beneficiary's presence while will is being executed is not evidence of undue activity''; ''VII. No presumption of undue influence arises from the fact that the later will is at variance with a previously expressed testamentary intention''; ''VIII. Appellant is the natural object of testatrix' bounty''; ''IX. Appellant does not unduly profit by the will admitted to probate.'' The brief arguments made under these points contain only fragmentary references to the evidence touching a few isolated facts which it is argued were favorable to the appellant. None of these points is deserving of further attention. We therefore hold that the evidence was sufficient to justify the findings that appellant accomplished the execution of the will through and by means of the exercise of undue influence.

The next point, Number X, is that appellant's demurrer to the third cause of action of the contest should have been sustained for the reason that it did not contain sufficient facts to state a cause of action for undue influence. This

demurrer was by motion to exclude evidence under the third cause of action. The third cause of action purported to allege the existence of a confidential relationship between testatrix and appellant, activity on the part of appellant in the preparation of the will and domination of testatrix in the procurement of its execution. It is unimportant whether the facts alleged were sufficient. The fourth cause of action elaborated upon the allegations of undue influence. Appellant evidently deemed them to be sufficient, since his demurrer was not addressed to that cause of action. His brief does not undertake to show insufficiency of the facts therein alleged.

The final point is that the court committed error in excluding the deposition of Racheline Tolman taken on behalf of appellant. Mrs. Tolman and Norman Halstead Tolman were residing in Anchorage, Alaska. Under due proceedings had a commission issued to take the deposition of Norman Tolman and Helen Tolman upon oral interrogatories. The depositions were taken, the questions being propounded by appellant's attorney; no one appearing on behalf of respondents. When Mrs. Tolman was sworn she stated that her name was Racheline Tolman and that she was the wife of Norman H. Tolman. She also answered that she was the same person whose name was inadvertently written as Helen Tolman. Upon objection of respondents that the deposition was not that of Helen Tolman it was excluded. The circumstances indicated that Racheline was sometimes called Helen. It is evident that appellant knew her as Helen or he would not have made use of that name in applying for the commission. It appeared in the deposition of Mr. Tolman that for 18 months he and his wife had lived in a house in the rear of the Palmers' home. Respondents undoubtedly knew that it was appellant's intention to take the deposition of the Tolmans who had been tenants of Mrs. Palmer and that these were Norman Tolman and his wife who had moved to Anchorage and were living there. In his deposition Mr. Tolman made frequent references to his wife. Although the commission named Mrs. Tolman as Helen she appeared at the appointed time and gave her deposition. She evidently knew she was the person whose deposition was to be taken and that "Helen" was not some other person. So far as appears there was no other Helen Tolman. In urging their objections to the deposition respondents did not deny that they understood that the depositions were to be those of the Mr. and Mrs. Tolman who were friends of Mrs. Palmer. They did not

assert that they were unaware of the fact that Mrs. Tolman was known as Helen and that she was the wife of Norman Tolman. Nor did they pretend that the person who gave the deposition was some one other than the person whose deposition they expected would be taken. They did not even suggest that they had been deceived or misled in any way. Under these circumstances the objection was without merit. It should have been overruled. ■ In the law pertaining to court procedure, or in its traditional administration in our own jurisdiction, there is nothing to be found that would give authority to a court to penalize a litigant for a mere error of procedure which misled or harmed no one.

■ Even variances between pleading and proof are to be disregarded unless they mislead the adverse party to his prejudice. (Code Civ. Proc., § 469.) ■ Errors and defects in pleadings and proceedings which do not affect the substantial rights of the parties must be disregarded "in every stage of the action" (Code Civ. Proc., § 475). ■ Contrary to the uninformed assertions of some critics of current procedure, courts consistently place substance above form and are guided in their decisions by considerations of common sense, justice and fair play, uninfluenced by frivolous technicalities. The trial court based its ruling upon the case of *Smith* v. *Westerfield*, 88 Cal. 374 [26 P. 206]. In material respects the case was factually different. The parties who successfully objected to a deposition of James M. Thompson taken under a commission to take the deposition of Jno. Thompson had no knowledge or information that they were one and the same person; the names indicated they were different persons; the objectors had no reason to believe their adversaries were taking the deposition of the person who actually gave it. To this extent they were deceived. The facts of the case at bar which we have related are the opposite of those of the cited case in these important particulars.

■ The error in excluding the deposition was not prejudicial. The deposition of Mr. Tolman was read in evidence. It was far more comprehensive and explicit than was the deposition of Racheline. The latter touched upon the observations of the witness as to Mrs. Palmer's mental condition, statements that she intended to make another will in favor of appellant, that she was clear-headed and competent to make a will, that she was fond of children, and similar matters. Mr. Tolman's deposition comprises 22 pages of the reporter's transcript; that of Mrs. Tolman covers six pages. It was

but a repetition of some of the statements of Mr. Tolman. The court believed that during the time she was under observation by the Tolmans, Mrs. Palmer was clear-headed, intelligent and competent. The court so stated during the reading of Mr. Tolman's deposition, but also stated that while the facts related by Mr. Tolman had a bearing upon the state of mind of testatrix they had only a remote, if any, bearing upon the question of undue influence. We are convinced that had the deposition of Mrs. Tolman been received in evidence the court's factual conclusions would have been the same.

The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.

A petition for a rehearing was denied November 14, 1956, and appellant's petition for a hearing by the Supreme Court was denied December 19, 1956.