[Civ. No. 21850. Second Dist., Div. Three. Dec. 11, 1956.]

Estate of HARRY E. GOOD, Deceased. MARY G. YOUNG, Appellant, v. CLINTON J. TRUMP et al., Respondents.

Lillian J. McQuitty and William E. Swiney for Appellant.

Birger Tinglof for Respondents.

SHINN, P. J.—We have an appeal by Mary G. Young from a judgment in a nonjury case, denying probate to a witnessed will of Harry E. Good, dated June 29, 1954, and admitting to probate a holographic will of the decedent dated May 7, 1953. The court found in accordance with the allegations of the contest that on June 29, 1954, deceased was suffering from serious illness, was in a weakened physical condition, with impaired mental faculties, was under the undue influence, duress and dominion of Mary G. Young and that execution of the will was procured through the exercise of said undue influence. It was also found, as alleged in the contest, that decedent was not of sound and disposing mind and memory and was by reason of age and infirmity of body and mind mentally incompetent to make the will and that he did not know what he was doing when he signed it. The court found that the will of May 7, 1953, was duly, legally and properly executed and was a valid holographic will.

The sole ground of appeal is insufficiency of the evidence to support the court's findings upon the issues of unsoundness of mind and undue influence. In presenting the contention as to the finding of undue influence appellant's opening brief devotes somewhat less than four pages to what is called a statement of facts. Less than one page of this statement has any relation to the evidence pertinent to the issue of undue influence and this consists of a sketchy recital of the circumstances under which the will was prepared by an attorney selected by Mrs. Young, following the written request of decedent that she take the matter up with a particular lawyer whom she was unable to interest in the matter. It appears from the statement the will was written in Los Angeles and taken to Sacramento by Mrs. Young's brother, where it was executed by decedent in a rest home in which he was then hospitalized. No reply brief was filed by appellant. The brief of the appellant generates not even a faint idea respecting the evidence that caused the court to find for contestants on the issue of undue influence. And the meager statement of facts is not supported by transcript references. The brief concludes with the request that appellant "nevertheless respectfully prays that all evidence in this case be examined as a measure of what is substantial evidence."

The trial lasted for four days. The transcript of the oral proceedings comprises 453 pages; the contestants produced the testimony of nine witnesses and they introduced into evidence 20 or more exhibits.

█ We have had occasion to remark before in a similar situation that a claim of insufficiency of the evidence to justify findings, consisting of mere assertion without a fair statement of the evidence, is entitled to no consideration, when it is apparent, as it is here, that a substantial amount of evidence was received on behalf of the respondents. █ Instead of a fair and sincere effort to show that the trial court was wrong, appellant's brief is a mere challenge to respondents to prove that the court was right. And it is an attempt to place upon the court the burden of discovering without assistance from appellant any weakness in the arguments of the respondents. An appellant is not permitted to evade or shift his responsibility in this manner. (*Estate* of *Palmer*, 145 Cal.App.2d 428 [302 P.2d 629].) And upon more than one occasion we have called attention to our statement to the same effect in *Goldring* v. *Goldring*, 94 Cal.App.2d 643, 645 [211 P.2d 342], and we have said we must either abide by our former statements or tolerate practices which are contrary to first principles of appellate procedure and which place undue burdens upon the court. (See also *Jiral* v. *Day*, 95 Cal.App. 2d 214 [212 P.2d 275]; *Morrell* v. *Clark*, 106 Cal.App.2d 198 [234 P.2d 774]; *People* v. *Shannon*, 110 Cal.App.2d 153 [241 P.2d 1007]; *Tesseyman* v. *Fisher*, 113 Cal.App.2d 404 [248 P.2d 471]; *Kruckow* v. *Lesser*, 111 Cal.App.2d 198 [244 P.2d 19]; *Eisindrath* v. *Bank of America*, 118 Cal.App.2d 434 [258 P.2d 13]; *McCosker* v. *McCosker*, 122 Cal.App.2d 498 [265 P.2d 21]; *People* v. *Johnson*, 136 Cal.App.2d 665 [289 P.2d 90]; *Elliott* v. *Rodeo Land & Water Co.*, 141 Cal.App.2d 404 [297 P.2d 129].)

We do not express ourselves again on the subject only because of any inconvenience or unnecessary labor to which we would be subjected if we undertook to do for litigants the duties which are theirs to perform. The problem is one of concern to all reviewing courts. Such extreme inadequacy of the briefs evidences a misconception of the respective duties of counsel and the courts. The reviewing courts have no time to spare. It can be fully occupied in the consideration of appeals that are properly presented in the briefs.

All courts need the competent and diligent assistance of counsel and are entitled to it. The fact that they too fre-

quently do not receive it accounts for the greater part of time that is wasted in litigation. This is true at least in our own court. Where it is claimed that a finding of the exercise of undue influence is without support in the evidence the court must familiarize itself with all the relevant and material evidence in the record. But apart from any inconvenience we may occasionally be put to in our study of the oral proceedings is the fact that each day we are required to spend in research and analysis of records, where counsel have failed to render the assistance which is due the court, means a day lost for every litigant who awaits decision of an appeal. It is in their interest, not merely for our own convenience, that we refuse to consider a claim of insufficiency of the evidence when there has been no pretense of compliance with the requirements for an adequate presentation.

We have slight hope that our repeated admonitions will bear fruit. Unfortunately, they will come to the attention of those practitioners, alone, who are accustomed to reading law, and for them our remarks are not intended.

For the reasons stated we decline to consider the claim that the finding of the exercise of undue influence was without support in the evidence. That finding must stand as if it were not challenged at all. It supports the judgment and, therefore, even if the finding of lack of testamentary capacity is unsupported by the evidence, the error would not warrant a reversal of the judgment.

The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.

A petition for a rehearing was denied December 27, 1956.