[Civ. No. 23306.   Second Dist., Div. Three.   July 31, 1959.]

LEONARD GREENBERG, Respondent, v. ERNEST ROSE et al., Appellants.

Theodore H. Cominos and Lawrence Shostak for Appellants.

Pregerson & Costley, Harry Pregerson and William M. Costley for Respondent.

SHINN, P. J.—This is an appeal by defendants Rose, Cominos and Young from a judgment declaring plaintiff Greenberg to be entitled to one-fourth of the net profits of a joint venture for the production of a motion picture, the subject of which was mosaics.

Young was a mosaics craftsman; Rose was a film specialist; Cominos and Greenberg came into the venture through the submission of scripts, the one prepared by Cominos having been selected. It was orally agreed that Rose would provide the equipment and film, for which he would be reimbursed; all the participants were to give their services and endeavor to obtain outside financing, but there was no agreement for the contribution of any specific funds by the parties. Shooting of film commenced in October 1954 and continued on week ends to completion in July 1956. The picture has now been sold and the proceeds are subject to distribution. Rose contributed his services, camera, film and $91.57 in cash, all four contributed services, and Cominos contributed $50 in cash. There was no outside financing.

Greenberg testified that he devoted 100 hours of work on the project; Cominos estimated that he had put in 500-600 hours.

Appellants admit that the joint venture agreement called for a four-way division of profits after Rose was reimbursed and the others had received a return of their cash contributions, but they contend the joint venture was terminated by their expulsion of Greenberg for cause. Therefore, they contend, he should receive compensation for his services but no part of the profits. The ouster of Greenberg is asserted to have taken place in May 1955 when some 80 per cent of the picture had been made. After that time Greenberg rendered no services but neither did he refuse to contribute his work.

The contentions of appellants rest upon the alleged dissolution of the joint venture. They say that Greenberg did not perform his part of the agreement; he failed to contribute money or to seek other financing and they became dissatisfied with his services and discharged him. This contention does not deserve consideration on the appeal. Appellants have

not furnished in their brief or a supplement thereto a statement of the evidence with respect to the alleged failure of Greenberg to perform the agreement on his part. (Rule 13, Rules on Appeal.)

The parties assume that the findings establish that Greenberg did render performance for as long as he was permitted to participate and that his attempted ouster was wrongful and the briefs are written upon that supposition. We shall not search the records for the evidence bearing upon this issue. (*Goldring* v. *Goldring,* 94 Cal.App.2d 643 [211 P.2d 342]; *Hickson* v. *Thielman,* 147 Cal.App.2d 11, 15 [304 P.2d 122], and cases cited.)

The "findings" (to which we shall later refer) that Greenberg rendered performance which was due from him until appellants wrongfully prevented further performance on his part are conclusive on the appeal. When the attack upon those findings failed, for the reasons we have stated, the contention that the joint venture was legally terminated also fails, and the principles of law which govern where there has been a dissolution of the venture are without application. There is, of course, no contention that a member of a joint venture who has performed services as agreed can be deprived of his agreed share of the profits of the venture by a refusal on the part of his associates to accept his further services and an attempt to oust him from further participation.

In taking an accounting the court found that receipts to the date of trial amounted to $11,708.05, the allowable expenses to $9,070.59, the net proceeds to $2,637.46 and that plaintiff's share amounted to $659.37. It was decreed that plaintiff should have one-fourth of the "net proceeds" to be realized in the future. In the computation of the net proceeds the respective parties were held to be entitled to reimbursement for their contributions of cash, but that there should be no allowance made for salaries, drawing accounts, litigation expenses or attorney's fees in connection with the case.

■ Appellants contend that there should be paid to each party an amount commensurate with the extent and value of his services as a part of the deductible expense. The contention is untenable. The agreement as pleaded and as found by the court made no provision for compensation for personal services. Our attention has not been called to any evidence of an agreement that anyone was to have a salary or drawing account or was to be compensated for his personal services as a part of the general expense. Appellants argue that

Greenberg rendered less service than the others and thus did not earn a full one-fourth of the profits. But this is merely an assertion, unsupported by a statement of the evidence on the subject and can carry little weight in view of the fact that appellants wrongfully prevented full performance by Greenberg.

■ Error is assigned in the receipt in evidence over objections of appellants of a letter written by their attorney to the attorneys for plaintiff in which it was stated that the appellants had agreed with plaintiff that he would share equally with them in the net profits of the venture. Rose testified that the attorney was unauthorized to make any admissions. We find no error in the ruling and no tenable ground for complaint. Appellants say that the letter meant only that the agreement was for an equal division of profits and was not an admission that plaintiff had performed the agreement upon his part. We so understand the letter. Appellants concede that it correctly stated the agreement. But appellants assert that the trial court considered the letter to be an admission of plaintiff's right to one-fourth of the net profits of the venture as of the time of trial. That fact, however, does not appear in the record. But even if the court misunderstood the meaning of the letter it is of no consequence. We look to the court's findings for the facts that were established and not to the remarks of the court or the reasons stated for its definite factual conclusions.

A few simple findings would have sufficed, namely, the terms of the agreement, its performance by plaintiff, appellants' prevention of full performance, and a finding as to the accounting. We are furnished a set of 34 findings and 11 conclusions of law. The findings made 54 references to the various paragraphs of six causes of action of the complaint and to each paragraph of each answer to each cause of action. To closely analyze these findings by reading and rereading each paragraph of each finding, each allegation and each denial, would consume hours of painstaking study and comparison. This manner of drafting findings should be discouraged. It disregards the rule that has been stated a thousand times or more that findings should cover only the ultimate facts in issue. We have not attempted the arduous task of complete analysis. We have, however, gone far enough to discover that the court inadvertently found to be untrue the allegation of the complaint that "plaintiff has carried out his part of the said agreement in every particular, and done and

performed everything by him to be performed.'' As far as we have gone we have discovered no finding that plaintiff did perform his part of the agreement. However, it is obvious that the court believed it was making such a finding, and that the parties understand that it was made. The complexities of the form of findings here employed invite just such mistakes. No point is made in appellants' brief of the omission. We ignore it, except to express the hope that our comments will come to the attention of practitioners who will profit by them and prepare their findings in simple form.

The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.