Filed 4/13/15  Estate of Manwill CA1/1
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| Estate of DAVID GARY MANWILL, Deceased. | |
| DAVID J. MANWILL,<br><br>        Petitioner and Appellant,<br><br>v.<br><br>DAVID SHANE MANWILL et al.,<br><br>        Objectors and Respondents. | A142058<br><br>(Contra Costa County Super. Ct. No. MSP1200808) |

Petitioner David J. Manwill appeals from the probate court's order denying his petition to be named executor of the estate of his father, decedent David Gary Manwill, and instead naming his brother, respondent Douglas Manwill, as executor.  He asserts the court's order is contrary to the law and facts presented in the case.  He also claims he was denied the right to a jury trial.  We affirm.[1]

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Decedent died testate on July 5, 2012, with issue.  Paragraph 2.1 of decedent's will names two of his sons, petitioner and respondent Douglas, as co-executors.

---

[1] Petitioner has filed a document entitled Declaration In Objection with this court.  We will treat the document as a motion to disqualify three members of this court for cause. The motion is denied.  (See *Kaufman v. Court of Appeal* (1982) 31 Cal.3d 933, 939-940; see also *Lebbos v. State Bar* (1991) 53 Cal.3d 37, 41, fn.1.)

On November 1, 2013, Douglas filed a petition for probate of decedent's will and requesting to be appointed sole executor.

On December 10, 2013, petitioner filed an objection to Douglas's petition and filed his own petition to be named as executor.

On January 24, 2014, another one of decedent's sons, David Shane Manwill, filed objections to the appointment of petitioner as executor or as a co-fiduciary of decedent's estate. He raised multiple grounds as to why petitioner should not be appointed, including that he had a disqualifying conflict of interest because he persisted in asserting that property in the estate of decedent's late mother (Estelle Manwill) is subject to a purported "family holding company," and therefore is not subject to the probate process.[2]

On May 1, 2014, the probate court filed its Order Addressing Petition for Appointment of Administrator of Estate, denying petitioner's petition to serve as a personal representative of decedent's estate and appointing Douglas as executor.

Petitioner filed timely a notice of appeal from the May 1, 2014 order.[3]

## DISCUSSION

On appeal, petitioner—who appears in pro. per.—raises no coherent arguments. A civil litigant must abide by the same procedures—including appellate procedures—whether or not she chooses to employ an attorney. (*Bistawros v. Greenberg* (1987) 189 Cal.App.3d 189, 193.) Petitioner, as the party who brought this appeal, bears the burden to show reversible error. (*Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115-1116.) His opening brief is incomprehensible, as it fails to provide a coherent factual and procedural background and fails to provide coherent legal

---

[2] We issued an earlier opinion addressing petitioner's assertions in the related case of *In re Estate of Estelle Elsa Manwill* (June 27, 2013, A135783 & A136311 [nonpub. opn]). The facts of that case are well known to this court and to the parties, and we need not recite them here.

[3] Although not precisely stated in petitioner's opening brief, it appears that the appeal is of the order filed May 1, 2014, entitled Order Addressing Petition for Appointment of Administrator of Estate. Necessarily, petitioner would also be seeking to reverse the Order for Probate filed May 7, 2014, wherein Douglas was appointed as sole executor.

2

arguments. The incomprehensibility is enhanced by his unfortunate decision to format his briefs with centered text rather than justifying the text flush left. Centered text is less readable for a body of text made up of multiple lines because the ragged starting edges make it difficult for the reader to track from one line to the next.

It is well established that "[i]n propria persona litigants are entitled to the same, but no greater, rights than represented litigants and are presumed to know the [procedural and court] rules." (*Wantuch v. Davis* (1995) 32 Cal.App.4th 786, 795.) An appellate court is not required, on its own motion, to develop arguments for an appellant. (*Dills v. Redwoods Associates, Ltd.* (1994) 28 Cal.App.4th 888, 890, fn. 1.) If the judgment or order is correct on any theory, the appellate court will affirm it regardless of the trial court's reasoning. (*Estate of Beard* (1999) 71 Cal.App.4th 753, 776-777; *D'Amico v. Board of Medical Examiners* (1974) 11 Cal.3d 1, 18-19.) In spite of the defects in petitioner's briefing, we will address the merits of his contentions, as best we understand them.

Petitioner's sole argument appears to be that he was deprived of due process when his petition to be appointed as executor was denied after the probate court failed to conduct a trial by jury. He denies that he waived jury trial, but does not say if he ever requested a jury in this matter, or if such a request was denied. As a result of his inadequate briefing, "[i]nstead of a fair and sincere effort to show that the trial court was wrong, [petitioner's] brief is a mere challenge to respondents to prove that the court was right. And it is an attempt to place upon [this] court the burden of discovering without assistance from [petitioner] any weakness in the arguments of the respondents. An appellant is not permitted to evade or shift his responsibility in this manner." (*Estate of Palmer* (1956) 145 Cal.App.2d 428, 431.) Petitioner thus has failed to carry his burden to demonstrate that he did not waive his right to a jury trial below. Regardless, we need not pass on the waiver issue in view of our conclusion that even if the jury trial claim was effectively asserted, it was properly denied on its merits.

Probate Code section 825[4] provides: "Except as otherwise expressly provided in this code, there is no right to a jury trial in proceedings under this code." In the present case, the issue concerns the probate court's supervisorial responsibility to appoint a suitable executor. Petitioner does not identify any Probate Code provision that would require a jury trial for such a determination and our own independent research has uncovered no such authority.

Nor has petitioner offered persuasive evidence that the probate court made an erroneous determination in appointing Douglas as executor. The probate court has the responsibility to supervise the administration of a will in order to protect the estate's assets and beneficiaries, and it has the discretion to make determinations regarding the estate's personal representative when necessary in order to fulfill its responsibility. We will not interfere with the probate court's exercise of its discretion absent a clear abuse of discretion. (*Estate of Hammer* (1993) 19 Cal.App.4th 1621, 1633-1634.) " 'The test is not whether we would have made a different decision had the matter been submitted to us in the first instance. Rather, the discretion is that of the [probate] court, and we will interfere with its ruling if we find that under all the evidence, viewed most favorably in support of the [probate] court's action, no judge reasonably could have reached the challenged result.' [Citation.]" (*Id*. at p. 1634.)

We find no abuse of discretion here. Decedent's will named petitioner and Douglas as co-executors of his estate. Accordingly, petitioner had the right to appointment as a personal representative *unless* he was incompetent to serve. The potential basis for considering him incompetent to serve was that there could be grounds for his removal under section 8502 (§§ 8420, 8402, subd. (a)(3).) The probate court concluded petitioner was precluded from appointment, in part, on the ground that his removal would have been necessary for the protection of the estate or interested persons (§ 8502, subd. (d)). The court made its determination based on evidence that petitioner's interests, as asserted and pursued in the action, were adverse to the interests of the

---

[4] All subsequent statutory references are to the Probate Code.

4

beneficiaries of the estate of which he sought to be executor. The order appealed from states, "[Petitioner's] claim that control of the Estate of Estelle Manwill (and thus [decedent's] estate as well) must be by way of the 'family holding company,' rather than through the probate process, is adverse to the decedent's estate and the beneficiaries."

A probate court has the inherent power to remove a personal representative who has an interest in the assets of an estate, either directly as a claimant or as a representative of a claimant, and who performs acts with relation thereto which are inimical to the rights and interests of the heirs and creditors. (*Estate of Effron* (1981) 117 Cal.App.3d 915, 930.) The court below found petitioner was ineligible because "he would find himself in the contradictory position of attempting to procure revocation of probate of Estelle Manwill's will on the one hand, and the opposing duty to sustain it on the other, because most of the value of [decedent's] estate comes from the Estelle estate." The court's determination is amply supported by petitioner's litigious history in this matter.[5] We find no abuse of discretion.

## DISPOSITION

The orders issued May 1, 2014 are affirmed.

---

[5] In a related case before this court (*Manwill v. Manwill,* A143270, app. pending), we took judicial notice of an August 5, 2014 order of the Superior Court holding petitioner to be a vexatious litigant. Petitioner has filed nine appeals and/or petitions for writ of mandate with this court to date, none of which have been resolved in his favor.

_____
Dondero, J.

We concur:


_____
Margulies, Acting P.J.


_____
Banke, J.


A142058

6