[Civ. No. 13211.   Second Dist., Div. Two.   Jan. 22, 1942.]

VERNON LEADER, Respondent, v. ELEANOR ESTELLE ATKINSON et al., Appellants.

Parker & Stanbury, Harry D. Parker, Raymond G. Stanbury and White McGee, Jr., for Appellants.

Joseph L. Fainer and Thomas Connell for Respondent.

WOOD (W. J.), J.—Plaintiff commenced this action to recover damages for injuries which he suffered when struck by defendants' automobile. The driver of the car, defendant Eleanor Atkinson, who has since become Mrs. Wallis, was a minor at the time of the accident. The other two defendants are the parents of Mrs. Wallis, both of whom signed their daughter's application for a driver's license. Plaintiff recovered a judgment, from which defendants have appealed.

Between the hours of 8 and 9 o'clock in the evening of January 19, 1940, an accident occurred involving two automobiles on the north side of Venice Boulevard near its intersection with Vineyard Boulevard in the city of Los Angeles. As a result of this accident the two automobiles were left on the north side of the boulevard so that other cars passing used the south half of the boulevard. Plaintiff, a police officer, went to the scene of the accident with Officer Heinemann. They parked their car close to the curb on the south side of Venice Boulevard, facing west. Officer Heinemann began taking pictures and at the time plaintiff was injured was thus engaged, standing near the front ends of the wrecked cars. There was a sharp conflict in the testimony concerning a number of the circumstances, and especially concerning the actions of plaintiff at the time he was struck by defendants' car. Plaintiff testified he was in the center of the street directing traffic with a flashlight. A witness presented by defendants testified that plaintiff left the curbing and walked without pausing until he came in contact with the left front fender of defendants' car.

■■ It is contended that the court erred in instructing the jury as follows: "It is the duty of the driver of an automobile where the view is obstructed to see persons on the road in front of his automobile." This instruction is so prejudicially erroneous as to require a reversal of the judg-

ment.   As a general rule it is the function of the jury to determine whether a driver of a motor car has been negligent in failing to see an object in the road in front of him in time to avoid striking it.   The matter becomes a question of law for the court only in cases where the object in the road is so plainly visible that reasonable minds could not differ as to the duty of the driver to have seen it.   (*Prato* v. *Snyder*, 12 Cal. App. (2d) 88, 96 [55 Pac. (2d) 255].)   From the evidence presented in the case under review the jury could have concluded that the boulevard was dark and was partly obstructed by other vehicles in such manner as to divert the attention of the driver of defendants' car; and that the spotlight of the police car was turned on the wrecked cars in such manner as to confuse the vision of the drivers of vehicles passing by.   If the jury had credited the testimony of defendants it could have concluded that plaintiff walked without stopping from the police car to the center of the street; that upon his arrival at the center of the street he was struck by the car driven by Mrs. Wallis; and that Mrs. Wallis could not properly be charged with negligence in failing to see him in time to avoid striking him.   Although it is a general rule that the failure to look at all constitutes negligence as a matter of law, where, as in the present case, the driver testifies that she did in fact look, the question whether she looked with proper care becomes a question for the determination of the jury.   The criticised instruction made it the unqualified obligation of the driver of defendants' car to see plaintiff in front of her automobile.   The instruction took from the jury the right to determine whether from all the circumstances shown in evidence defendant driver could see plaintiff in time to avoid striking him.   In effect the court instructed the jury that defendant driver was guilty of negligence as a matter of law if she did not see plaintiff on the boulevard in front of her car.

The judgment is reversed.

Moore, P. J., and McComb, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied March 19, 1942.   Carter, J., voted for hearing.