[Civ. No. 5605. Fourth Dist. Apr. 2, 1958.]

LOUISE SWINGLE, Appellant, v. BETTY RUTH HOFFMAN et al., Respondents.

[Civ. No. 5606. Fourth Dist. Apr. 2, 1958.]

BETTY RUTH HOFFMAN et al., Respondents, v. CLAUDE ARTHUR MITCHELL et al., Appellants.

Robert E. McGurl for Appellants.

Borton, Petrini, Conron & Brown for Respondents.

MUSSELL, J.—These actions arose out of an automobile collision in the intersection of Seventeenth and K Streets in the city of Bakersfield. K Street runs north and south and Seventeenth Street runs east and west. At the time of the accident Betty Ruth Hoffman, formerly Betty Ruth Simpson, accompanied by her daughter, Diane Louise, aged 13, and by Leona Johnson, also aged 13, was driving a 1947 Plymouth coupé southerly on K Street. Claude Arthur Mitchell, accompanied by his wife, his adult daughter, Louise Swingle, and a Mr. Fagan, was driving a Buick automobile easterly on Seventeenth Street. The two vehicles collided in the southwest quadrant of the intersection.

On July 22, 1955, a complaint for damages was filed in the municipal court in Bakersfield by Betty Ruth Simpson, individually, and as guardian ad litem of Diane Louise Simpson, and Margaret Johnson, individually, and as guardian ad litem of Kathleen Leona Johnson, against Claude Arthur Mitchell and Helen Louise Mitchell. In this action the Mitchells answered and cross-complained. The matter was then transferred to the superior court and the complaint was filed therein on August 31, 1955. It was amended to increase the prayer for general damages and to show that Betty

Ruth Simpson had married and that her name was then Betty Ruth Hoffman.

On August 29, 1955, Louise Swingle filed in the Superior Court of Kern County an action for damages for personal injuries against Betty Ruth Hoffman arising out of the accident here involved. These two actions were consolidated for trial and a jury returned verdicts in the action filed by Betty Ruth Simpson in her favor in the sum of $3,072.64, in her favor as guardian of Diane Louise Simpson for $1,500, in favor of Margaret Johnson in the sum of $108.89, and in favor of Margaret Johnson, guardian ad litem of Kathleen Leona Johnson, for the sum of $1,500. The jury further found against the cross-complainants Claude A. Mitchell and his wife and in favor of the cross-defendant Betty Ruth Hoffman (formerly Simpson). At the same time the jury returned a verdict in the companion action in favor of Betty Ruth Hoffman and against plaintiff Louise Swingle. Claude A. Mitchell and Helen Mitchell appeal from the judgment in favor of plaintiff and cross-defendant Betty Ruth Hoffman and against the said defendants and cross-complainants Claude A. Mitchell and Helen Mitchell. Louise Swingle appeals from the judgment entered in favor of Betty Ruth Hoffman and against plaintiff Louise Swingle.

The collision between the two automobiles involved occurred at about 3 p. m. on June 23, 1955. There were no traffic signals or stop signs at the intersection. Both streets were approximately 50 feet in width and they were paved and level. There was a large garage-type building on the northwest corner of the intersection, obstructing the view from both cars. The weather was clear and dry. The two vehicles collided in the southwest quadrant of the intersection at a point 37 feet south of the north curb line of Seventeenth Street and 17 feet east of the west curb line of K Street. The force of the impact knocked the Plymouth coupé, being driven south on K Street by Betty Ruth Simpson, 36 feet easterly and turned it around. The Mitchell Buick traveled easterly 51 feet before coming to rest and while traveling this distance, struck an automobile which was parked on the south side of Seventeenth Street east of the intersection. This automobile was parked with the brakes set and was knocked a distance of 16 feet by the Buick. The Buick also climbed the curb and struck a tree in the parkway before it finally stopped.

Betty Ruth Hoffman testified that she was proceeding south on K Street in her Plymouth at approximately 20 miles per

hour and her testimony in this connection was corroborated by that of her daughter, Diane Louise, and by Kathleen Leona Johnson, who looked at the speedometer. Kathleen testified that the Mitchell car was traveling considerably faster than they were but she was unable to estimate its speed. She observed the Mitchell car some 25 feet westerly from the intersection as the Plymouth coupé in which she was riding had already entered the intersection. Betty Ruth Hoffman did not see the Mitchell car until after she had reached approximately the center of the intersection and it was then to her right. She had looked both to the right and to the left before entering the intersection and had observed no approaching traffic. The first time she looked she was approximately 25 feet north of Seventeenth Street and she again looked to her right when she was at the north line of the crosswalk. At that time she could see down Seventeenth Street to her right about half a block and saw no car approaching from the west. She then proceeded on into the intersection and had traveled about half way into it when she saw the Mitchell car.

Appellants Claude Arthur Mitchell and Helen Mitchell in their appeal contend that plaintiff Betty Ruth Hoffman was negligent as a matter of law in failing to see the Mitchell car when she entered the intersection and that the verdict entered in her favor cannot be upheld for that reason. We are not in accord with this contention.

In *Ribble* v. *Cook*, 111 Cal.App.2d 903, 907 [245 P.2d 593], the court said:

"While to look and not see what is plainly visible may, under some circumstances, be negligence as a matter of law (*Huetter* v. *Andrews*, 91 Cal.App.2d 142 [204 P.2d 655]), that question is usually one of fact for the jury (*Leader* v. *Atkinson*, 49 Cal.App.2d 265 [121 P.2d 759]; *Prato* v. *Snyder*, 12 Cal.App.2d 88 [55 P.2d 255]). . . ."

In the instant case Mitchell testified that the Plymouth was roughly two car lengths away when he first saw it and he was then 6 or 8 feet into the intersection and driving at a speed of 15 to 20 miles per hour. This testimony merely created a conflict in the evidence and there was substantial testimony from which it could be inferred that his car was traveling at a considerably faster rate of speed. It traveled 51 feet after the impact, knocked a parked car a distance of 16 feet, climbed a curb and struck a tree before it was stopped. The view was obstructed by a building on the northwest

corner of the intersection and it was a question of fact for the jury whether plaintiff Betty Ruth Hoffman was negligent in not observing the Buick before she entered the intersection. We cannot hold that she was negligent as a matter of law under the circumstances shown by the record.

Appellant Louise Swingle contends that the court erred in refusing to give the following instruction:

"You are instructed that as a matter of law that the status of Louise La Rue Swingle, the plaintiff, is a passenger. Therefore, there is no issue of contributory negligence applicable to her. If you find that there was any negligence on the part of Defendant Simpson, no matter how slight, that contributed in any degree in causing the collision and injury to Plaintiff Swingle, then and in that event you shall return a verdict in favor of Plaintiff Swingle, and against Defendant Simpson."

Complete and correct instructions were given on contributory negligence and proximate cause and the issues in the causes were correctly stated. The court was not required to instruct the jury in the particular language requested when, as here, the subject matter of the requested instruction was fully covered by other instructions. (*Temple* v. *De Mirjian*, 51 Cal.App.2d 559, 565 [125 P.2d 544].) The offered instruction omitted the issue of proximate cause. As is said in *Douglas* v. *Southern Pac. Co.*, 203 Cal. 390, 393 [264 P. 237], "The authorities are legion to the effect that a so-called 'formula' instruction must contain all the elements essential to a recovery, and the absence of any one of such elements may not be compensated for nor cured by a reference thereto in other instructions correctly and fully stating the law." In determining whether the jury was properly instructed as to the law, the instructions taken as a whole must be considered. (*Trelut* v. *Kazarian*, 110 Cal.App.2d 506, 512 [243 P.2d 104].) The jury by its verdict absolved Betty Ruth Hoffman of negligence and we find no reversible error in the refusal to give the offered instruction under the circumstances shown by the record.

Judgments affirmed.

Barnard, P. J., and Griffin, J., concurred.