[Civ. No. 4362. Fourth Dist. Apr. 24, 1952.]

GLADYS ERMA TRELUT, Individually and as Administratrix, etc., et al., Respondents, v. AZAD GEORGE KAZARIAN et al., Appellants; THE H. C. SHAW COMPANY (a Corporation) et al., Cross-Defendants and Respondents.

Dearing, Jertberg & Avery, Ray W. Hays and James N. Hays for Appellants.

Chargin & Briscoe and Chester O. Hansen for Respondents.

MUSSELL, J.—This is an action for damages arising out of a collision between a Ford car owned and driven by Alphonse Francis Trelut and a truck owned by Ace Service, Inc., and driven by its employee Kazarian.

The accident occurred about 3:30 p. m. on April 27, 1949, at the intersection of Chestnut and South Avenues, about 5 miles southwest of Fresno. Chestnut Avenue runs north and south, and South Avenue runs east and west. Each road had an oil surface about 16 feet in width and neither road had a white line. There were no stop signs at this inter-

section and because of trees on the northeast corner, neither driver could see 100 feet along the other road from a point 100 feet back from the intersection.

At the time in question the defendants' truck was proceeding west on South Avenue at a speed of 25 to 30 miles per hour or more, and the Ford car was traveling south on Chestnut. The driver of the truck was accompanied by another employee of Ace Service, and Trelut had another man in his car. Kazarian did not see the other car until just before the impact and he did not apply his brake or vary his course. The point of impact was about 6 feet west of the center of the intersection. The left front of the Ford car hit the truck behind the right front wheel with sufficient force to bend in the frame of the truck about 4 inches where it hit. The truck weighed 8,000 pounds and the Ford 3,266 pounds. After the impact both vehicles went about 51 feet in a southwest direction and came to rest on the south side of South Avenue, with the rear end of the truck on a tree stump and its front axle on top of the left front of the automobile. There were some marks made by the truck at the point of impact, but there were no marks from the edge of the oiled surface of the road to the place where the vehicles came to rest. There was a heavy brake or tire mark made by the Ford about 6 feet long running north from the point of impact, with a lighter skid mark extending 8 to 10 feet farther to the north. The course of these marks indicated that the driver of the Ford had veered a little to his right just before the impact. Both of the occupants of the Ford car were killed.

The plaintiffs are the widow and the adult son of the driver of the Ford car. The complaint alleged that Trelut's death was proximately caused by the negligence of the defendants. The answer of the defendants denied that they were negligent and alleged contributory negligence on the part of the deceased. Ace Service, Inc., also filed a cross-complaint against the estate of the deceased and his employer for the damage to its truck, alleging that such damage was proximately caused by the negligence of the deceased. A jury returned a verdict in favor of the plaintiffs for $52,314, and against the cross-complainant. A judgment on the verdict was entered, and a motion for a new trial was denied on the condition that the plaintiffs waive the excess amount over $45,000. This was done and the defendants have appealed from the judgment as thus modified.

The main ground of the appeal is that the jury was improperly instructed, to the prejudice of appellants, by the giving of an inapplicable instruction relating to the doctrine of an intervening cause. After properly instructing the jury on negligence and contributory negligence, the court gave three correct instructions on the proximate cause, and then gave, at the request of the plaintiffs, the following instruction:

"When it appears that the conduct of two or more persons, acting independently and at different times, created or contributed to the circumstances out of which injury resulted, the question of proximate or remote cause requires the jury to consider thoughtfully the relationship between the conduct of the one person, whom, for convenience, I shall call the original actor; the conduct of another, whom I shall call the secondary actor, and the sequence of events leading to the injury.

"It is not enough merely to say that the accident would not have happened had it not been for what was done or was not done by one of the parties. It may or may not be that the effect which ordinarily would have been expected to flow from certain conduct was changed by what we call an efficient intervening cause.

"Of course, the first question to be answered is whether either of the parties was negligent. If either party was not negligent, then he may not be held liable even if his conduct was a proximate cause of the accident. If the original actor was not negligent but the secondary actor was, the question narrows down to whether that secondary conduct was a proximate cause of the injury. There remains, of course, the question of contributory negligence. If the original actor was negligent, then you have to consider whether the effect of that negligence was broken, or changed from a normal course, by an efficient intervening cause. Was the conduct of the secondary actor such an efficient intervening cause, which displaced the original conduct in proximate relationship to the injury? Or was that later conduct merely a concurring cause? This is the test: If the original actor foresaw, or by exercising ordinary care would have foreseen, the probability of the conduct of the secondary actor and the probability that the original conduct plus the secondary conduct would result in injury to a third person, then the conduct of both the original and secondary actors was a proximate cause of that injury. But if the probable result was not thus foreseen or

foreseeable, and if the immediate cause of the injury was the conduct of the secondary actor, then it may not be held that the conduct of the original actor was a proximate cause."

The appellants contend that this instruction was confusing and misleading; that it permitted the jury to regard the deceased as the original actor and told the jury that it might find that the plaintiffs were not barred by any contributory negligence on the part of the deceased, since it might find that the negligence of the truck driver had intervened and become the proximate cause; that this instruction had no application under the factual situation in this case since only two actors were involved, the drivers of the vehicles, and any negligence on the part of either driver would necessarily continue to the time of the accident; and that any second negligence here involved was contributory and concurrent and not of such a different time and nature as to constitute an efficient intervening cause.

The respondents contend that the instruction was not misleading because the jury was elsewhere instructed with respect to contributory negligence; that it was an instruction on the law of proximate cause and not of contributory negligence; that it was concerned solely with the conduct of the defendants and had no application to the conduct of the plaintiffs, and that it was not prejudicially erroneous. It is further argued that the evidence justified the giving of an instruction on intervening cause since the man riding with the driver of the truck testified that just before the impact he reached in his rear pocket for an handkerchief and it might be inferred that this act may have interfered with the driver's vision, and since the jury might have considered that another cause of the accident was the negligence of the State Highway Department in failing to install stop signs at this blind intersection.

In discussing proximate cause and the question as to an intervening cause the court, in *Merrill* v. *Los Angeles Gas & Elec. Co.,* 158 Cal. 499 [111 P. 534, 139 Am.St.Rep. 134, 31 L.R.A.N.S. 559], pointed out that "the proximate causation is not always arrested by the intervention of an independent concurring cause" and that "the original act of negligence, the primary causation, may be in its nature so continuous that the concurrent wrongful act precipitating the disaster will in law be regarded not as independent, but as conjoining with the original act to create the disastrous result." It then said that the true rule "is that the independent wrongful act, to constitute the proximate cause by displacing the original

primary cause, must be so disconnected in time and nature as to make it plain that the damage occasioned was in no way a natural or probable consequence of the original wrongful act or omission.''

In *Lacy* v. *Pacific Gas & Elec. Co.*, 220 Cal. 97 [29 P.2d 781], it is said:

''The authorities in this state hold that where the original negligence continues and exists up to the time of the injury, the concurrent negligent act of a third person causing the injury will not be regarded as an independent act of negligence, but the two concurring acts of negligence will be held to be the proximate cause of the injury.''

In *Springer* v. *Sodestrom*, 54 Cal.App.2d 704 [129 P.2d 499], where two negligent acts of a different nature were involved, the court pointed out that although the question of whether or not an intervening act of negligence breaks the chain of causation is one of fact, the intervening act of negligence will not be regarded as having this effect where the original negligence continues and exists up to the time of the injury, but the two concurring acts of negligence will be held to be the proximate cause of the injury.

Only one actor was here charged by plaintiff with negligence causing the injury. Such negligence, if any, continued up to the time of the injury and there was no evidence of, or any claim made, that there was any independent or intervening cause of such injury by a third party. ■ While the evidence might support a finding of negligence and of contributory negligence, it would not support a finding that there was an independent or efficient intervening cause. The instruction was not applicable to the facts and should not have been given. (See History and type of factual situations for which the instruction was designed, B.A.J.I. 1950 Supp.)

The jury was not instructed that it *must* consider whether an ''efficient intervening cause'' existed to break or change the effect of the negligence of the original actor, and the question as to whether the instruction in its entirety was or was not applicable was left to the jury. It was instructed that ''when it appears'' that certain facts exist, then the therein stated rule was applicable. It clearly appears that the conduct of two or more persons ''acting independently and at different times'' was not involved and that there were no facts established justifying the application of the rule announced. It seems apparent, then, that since the instruction was not applicable, the jury properly disregarded it. The

principal question is whether the giving of it was so prejudicial as to constitute reversible error. █ An instruction, erroneous or correct, which relates to matters as to which there is no evidence will not justify a reversal unless it has misled the jury to the prejudice of the appellant. (*Mehollin* v. *Ysuchiyama,* 11 Cal.2d 53, 57 [77 P.2d 855].) (Citing *Estate of Budan,* 156 Cal. 230, 234 [104 P. 442]; *Lawrence* v. *Southern Pac. Co.,* 189 Cal. 434, 444 [208 P. 966]; *O'Meara* v. *Haiden,* 204 Cal. 354, 369 [268 P. 334, 60 A.L.R. 1381]; 24 Cal.Jur. 830; 10 Cal.Jur. 10-Yr.Supp. 700-702.)

As was said in *Sortino* v. *Loneoak,* 66 Cal.App.2d 876, 883 [153 P.2d 428]:

"It is not reversible error for the court to instruct the jury upon a principle of law, even though there may be an entire absence of evidence on that particular subject, unless it also appears that the jury was misled and prejudiced thereby. . . .

"It has been uniformly held that 'An instruction, erroneous or correct, which relates to matters as to which there is no evidence will not justify a reversal unless it has misled the jury to the prejudice of the appellant.' (*Mehollin* v. *Ysuchiyama,* 11 Cal.2d 53, 57 [77 P.2d 855]; *Marston* v. *Pickwick Stages, Inc.,* 70 Cal.App. 526 [248 P. 930]; *Gambrel* v. *Duensing,* 127 Cal.App. 593, 606 [16 P.2d 284]; 2 Cal.Jur. 1026, § 611; 24 Cal.Jur. 830, § 95.) In the Marston case, *supra,* it is said, at page 533, quoting with approval from *People* v. *Cochran,* 61 Cal. 548:

" 'If an instruction in a case is asked which refers to facts which there is no evidence to prove, it is not error to refuse to give it; and if given, although in fact erroneous in the abstract, it will not be regarded as an error for which the judgment will be reversed, unless it be manifest that the jury was misled by it to the prejudice of the defendant.' "

█ In determining whether the jury was properly instructed as to the law, the instructions taken as a whole must be considered. (*Taylor* v. *Pacific Elec. Ry. Co.,* 172 Cal. 638, 652 [158 P. 119].) It is also the established rule that all instructions of the court are to be considered and construed as a whole to determine whether they contain reversible error. (*Nance* v. *Fresno City Lines, Inc.,* 44 Cal.App.2d 868, 871 [113 P.2d 244].)

It is argued that the appellants were entitled to have the issue of contributory negligence passed upon directly and without reference to an intervening cause. However, four specific instructions were given in which contributory negli-

gence was clearly defined and its application to the conduct of the driver of the Ford car was correctly stated. In addition thereto, it appears from the record that the prospective jurors, on voir dire examination, were informed many times by counsel for appellants, in effect, that if the driver of the Ford car was guilty of any negligence, however slight, which contributed directly to his injury and resulting death, his widow and adult son could not recover. The jurors were asked if they would follow an instruction to that effect. The rule was stated many times and the jury was fully informed as to the doctrine of contributory negligence and its application to the facts in the instant case. It is to be noted that contributory negligence and its application to the evidence is not specifically discussed in the questioned instruction and that question was expressly excluded therefrom by the following sentence: ''There remains of course, the question of contributory negligence.'' The question was then adequately covered by the four separate specific instructions given on the subject.

The evidence is sufficient to sustain the implied finding of the jury that the driver of the Ford car was free from negligence contributing directly to his injury and death. ▇ The deceased driver of the Ford car was presumed to have exercised due care for his own safety and protection. This presumption was to be weighed by the jury as against any evidence offered in contradiction to it and it was for the jury to determine whether it was overcome by such evidence. (*Duehren* v. *Stewart,* 39 Cal.App.2d 201, 208 [102 P.2d 784].)

The testimony indicates that the defendants' truck was traveling at least 25 miles per hour at the time of the impact and that the driver did not see the Ford car until just before the impact; that he did not change his course or apply his brakes. From the evidence as to the respective weights of the truck and Ford car, the point of impact and the distance traveled by both vehicles after the impact, the jury could infer that the speed of the truck was greater than 25 miles per hour. The evidence indicates that the driver of the Ford car applied his brakes before the impact. Defendant Kazarian estimated the speed of the Ford at around 50 miles per hour. However, on cross-examination, he stated that he did not see it at any time before the impact. There was no other direct testimony that the Ford was traveling in excess of 15 miles per hour at the time it entered the intersection. ▇ Whether the driver

of the Ford car was negligent and if so, whether his negligence, if any, contributed directly to his injury, were questions of fact for the jury.

While in our opinion the questioned instruction was not applicable in the instant case and should not have been given, we cannot hold as a matter of law that the jury was manifestly misled by it to the prejudice of the defendants. ■ It may also be observed that as a general proposition the determination as to whether an erroneous instruction was prejudicial and justifies the granting of a new trial is one which is left to the trial court's discretion. (*Parker* v. *Womack,* 37 Cal.2d 116, 123 [230 P.2d 823].)

In the instant case a motion for a new trial was made on the ground, among others, that there had been an ''. . . error in law occurring at the trial'' and the motion was denied by the trial court.

■ Appellants also argue as a ground for reversal that the damages allowed were excessive. Under the facts shown, we cannot hold as a matter of law that the award indicates passion or prejudice on the part of the jury or that it was excessive. (*Holder* v. *Key System,* 88 Cal.App.2d 925, 940-941 [200 P.2d 98].)

Judgment affirmed.

Griffin, J., concurred.

Barnard, P. J., dissented.

A petition for a rehearing was denied May 14, 1952. Barnard, P. J., was of the opinion that the petition should be granted.

Appellants' petition for a hearing by the Supreme Court was denied June 19, 1952. Schauer, J., was of the opinion that the petition should be granted.