[Civ. No. 27776. Second Dist., Div. Three. July 13, 1965.]

Du ZEFF'S HOLLYWOOD, INC., Plaintiff and Appellant, v. PETER WALD et al., Defendants and Respondents.

Flynn & Rafferty, Owen P. Rafferty, John F. Cronin and Martin Kilgariff for Plaintiff and Appellant.

Gray, Pfaelzer & Robertson, William P. Gray and Thomas J. McDermott, Jr., for Defendants and Respondents.

KAUS, J.—During a period of 30 months, preceding February 1, 1961, plaintiff corporation had been operating a restaurant on premises owned by defendants under a lease which was to terminate nine years later, plaintiff also having

an option to renew for an additional 10 years. A fire destroyed the premises.

Under the lease defendants obligated themselves, in such event, to put the premises "in as good order and condition as the same were in immediately preceding the happening of any of the events aforesaid," i.e., a fire.

Defendants did proceed to rebuild, but not in accordance with the terms of the lease and the court so found.

Plaintiff sued, claiming in its pretrial statement that by reason of defendants' failure to put the premises back in good order and condition, it lost $576,250 profits, $100,000 goodwill and $100,000 as the "reasonable market value of plaintiff's business as a going concern."

After a trial in which plaintiff called 14 witnesses, whose testimony consumed 1,096 pages of transcript, and introduced 70 exhibits, defendant moved for judgment under Code of Civil Procedure, section 631.8. After considerable argument the court ruled from the bench that plaintiff had failed to prove that it had sustained any loss as the result of the breach. The court found that before the fire the business had been operating at a loss. Plaintiff was awarded nominal damages in the sum of $1.00. Findings were signed and filed reciting in substance what has already been said and in addition that plaintiff suffered no loss of goodwill and that its business had not had any value as a going concern for at least several months immediately before the fire or at any later time.

Plaintiff has appealed and makes two points: 1. That the provisions of Code of Civil Procedure, section 631.8 must be strictly construed and that the court had no jurisdiction, under that section, to order judgment for $1.00 in plaintiff's favor, defendant having been the moving party;[1] 2. The findings to the effect that plaintiff suffered no substantial damage are not supported by the evidence.

Code of Civil Procedure, section 631.8 was the direct result of an anomaly in the law as it existed before its passage. If in a court trial defendant moved for a nonsuit which was

---

[1] "After a party has completed his presentation of evidence in a trial by the court, the other party, without waiving his right to offer evidence in support of his defense or in rebuttal in the event the motion is not granted, may move for a judgment. The court as trier of the facts shall weigh the evidence and *may render a judgment in favor of the moving party*, in which case the court shall make findings as provided in Sections 632 and 634 of this code, or may decline to render any judgment until the close of all the evidence. . . ." (Italics added.)

erroneously granted the judgment had to be reversed although all concerned knew that, had defendant rested, the judge sitting as a trier of facts would have given him judgment.

In *Lasry* v. *Lederman*, 147 Cal.App.2d 480, 489 [305 P.2d 663], this court said: "If there is a reason for the rule which deprives the judge of the power to grant a nonsuit when he is convinced that the evidence of plaintiff is so unsatisfactory and unreliable as to make it his duty to render a judgment for defendant, other than the fact that it is the prevailing rule (89 C.J.S., p. 396), it has escaped our attention. It is not necessarily the better rule."

Again in 1960 in the case of *White* v. *Shultis*, 177 Cal. App.2d 641, 647 [2 Cal.Rptr. 414] this court said: "In the past we have had occasion to comment upon the anomalous situation which results from applying to a judgment of nonsuit in a nonjury case the same rules that are applied in jury cases. (*Lasry* v. *Lederman*, 147 Cal.App.2d 480 [305 P.2d 663].) Here defendant had testified fully as to the circumstances of the accident. If, instead of moving for a nonsuit, she had submitted her case without evidence other than that furnished by her own testimony, the judgment, of course, would have been in her favor. Although she prevailed on her motion for nonsuit, it was a hollow victory. Under applicable rules we are obliged to reverse the judgment of nonsuit even though the trial court was convinced by the testimony of the parties that plaintiff was negligent and defendant was not."

A few months later in *Lich* v. *Carlin*, 184 Cal.App.2d 128, 140 [7 Cal.Rptr. 555] two justices of the District Court of Appeal of the First Appellate District virtually invited the Legislature to change the law. Section 631.8 is the result.

The purpose of the section is remedial. The narrow construction which plaintiff would put on it, because it does not specifically say that the court may render a judgment against the moving party for nominal damages, would make the section useless in cases where nominal damages are either admitted, conceded for the sake of the motion or the only relief to which plaintiff is entitled. Defendants would have no choice but to either rest, thereby waiving their right to offer evidence in support of their defense, or to put on all of the evidence they have. In these days of overcrowded dockets we do not favor an interpretation of section 631.8 which unnecessarily prolongs trials. There is no need—in this opinion—to stake out the limits of a court's power under a motion pur-

suant to section 631.8. Suffice it to say that where the judgment against the moving party is for nominal damages only and he does not consider such a judgment as a denial of the motion by insisting on his right ''to offer evidence in support of his defense,'' the court does not exceed its powers.

It has been held that an award of nominal damages only is, in fact, an award of no damages at all. (*Fairfield* v. *American Photocopy,* 138 Cal.App.2d 82, 87-88 [291 P.2d 194]; *Price* v. *McComish,* 22 Cal.App.2d 92, 100 [70 P.2d 978].) It also has been held that an erroneous judgment for the defendant, when in law plaintiff was entitled to nominal damages, will not be reversed. (*Sill Properties Inc.,* v. *CMAG Inc.,* 219 Cal.App.2d 42, 56 [33 Cal.Rptr. 155]; *Sweet* v. *Johnson,* 169 Cal.App.2d 630, 633 [337 P.2d 499].) While these cases are not directly in point for the proposition that a judgment for nominal damages in plaintiff's favor is the equivalent of a judgment in favor of the defendant, they do evince a judicial philosophy to look behind the form and at the substance of a judgment for nominal damages when justice so requires. We think this is such a case.

 Turning to appellant's second point, namely that the finding of no damage is not supported by the evidence, we note the following facts: There are precisely two transcript references in plaintiff's opening brief—no closing brief was filed—on the basis of which plaintiff would have us hold that the trial court was in error in finding that plaintiff lost no profits because of defendants' breach. The first one is to testimony of Mr. DuZeff, the owner of all of the stock of plaintiff to the effect that the check stubs of an account in which nothing but income from the restaurant was deposited showed that between July 28, 1958, and February 1, 1961, he paid $27,712.27 on a promissory note and on account of a mortgage. When counsel for defendants objected that these payments, by themselves, did not prove whether or not he was operating at a profit or at a loss, counsel for plaintiff appeared to agree and stated that the evidence was merely preliminary to that of Mr. Epstein, plaintiff's accountant; he further said that he realized the testimony was out of order and that he was merely producing the testimony because he happened to have the witness on the stand. No formal ruling on the objection was ever made.

Plaintiff also refers us to 14 lines of testimony by the

accountant, the significance of which is obscure, but which we gather is to the effect that certain payments to Mr. DuZeff were really payments on a loan for which the corporation was obligated. Possibly we misunderstand the testimony and have for that reason set it forth in full below.[2]

That is all the testimony to which we are referred.

One does not have to be an expert accountant to realize that the fact that plaintiff was able to make payments on two or three obligations during the 30 months before the fire does not prove, or even tend to prove, that the restaurant operated at a profit.

California Rules of Court, rule 15 (a) reads, in part, as follows: ''The statement of any matter in the record shall be supported by appropriate reference to the record.'' Court congestion is not confined to trial courts. This matter was not reached on our calendar for oral argument until May 19, 1965, although the last brief was filed on May 1, 1964. The rules are not designed to make life easier for us, but to help expedite business so that all litigants may have a speedy hearing. If we excuse the palpable failure of plaintiff to comply, the inevitable result would be delay for others while we plod through 1,000 pages of transcript, closely interwoven with over 80 exhibits. We decline to do so.

We realize that failure to comply with the rules has frequently been overlooked in the past, but to prove that such charity has not hardened into a right we quote from the opinion of Justice Ashburn in *Grand* v. *Griesinger,* 160 Cal. App.2d 397, 403 [325 P.2d 475] : ''Though counsel for appellants Norman and William Grand repeatedly asserts insufficiency of the evidence, his brief does not comply with the rule or the authorities governing such a claim. Rule 15(a) of the Rules on Appeal requires: 'Each point in a brief shall appear separately under an appropriate heading, with subheadings if desired. Such headings need not be technical ''assignments of error'' but should be concise headings which are generally descriptive of the subject matter covered. The

[2] ''Q. Now, I notice that one of the items that was paid off was an obligation to a part, at least, of an obligation to Dale Milton.

''A. Yes. That was an obligation between Mr. Milton and Mr. Douzeff [*sic*] at the time Mr. Douzeff [*sic*] acquired the business and an entry was subsequently made charging Mr. Milton—Mr. Douzeff's [*sic*] officers loan account for the full amount of the loan and setting up as a liability of the corporation although Mr. Douzeff [*sic*] was charged for it and Mr. Douzeff [*sic*] made monthly payments of $250 on this loan until such time as the fire.''

statement of any matter in the record shall be supported by appropriate reference to the record. . . .' Appellants have not complied with these requirements. Nor has counsel furnished adequate basis for a review of the evidence. 'The rule is well established that a reviewing court must presume that the record contains evidence to support every finding of fact, and an appellant who contends that some particular finding is not supported is required to set forth in his brief a summary of the material evidence upon that issue. Unless this is done, the error assigned is deemed to be waived. (*Kruckow* v. *Lesser*, 111 Cal.App.2d 198, 200 [244 P.2d 19].) It is incumbent upon appellants to state fully, with transcript references, the evidence which is claimed to be insufficient to support the findings. The reviewing court is not called upon to make an independent search of the record where this rule is ignored. (*Goldring* v. *Goldring*, 94 Cal.App.2d 643, 645 [211 P.2d 342].)' (*McCosker* v. *McCosker*, 122 Cal.App.2d 498, 500 [265 P.2d 21].) 'A claim of insufficiency of the evidence to justify findings, consisting of mere assertion without a fair statement of the evidence, is entitled to no consideration, when it is apparent, as it is here, that a substantial amount of evidence was received on behalf of the respondents. Instead of a fair and sincere effort to show that the trial court was wrong, appellant's brief is a mere challenge to respondents to prove that the court was right. And it is an attempt to place upon the court the burden of discovering without assistance from appellant any weakness in the arguments of the respondents. An appellant is not permitted to evade or shift his responsibility in this manner.' (*Estate of Palmer*, 145 Cal.App.2d 428, 431 [302 P.2d 629].) See also 3 Witkin, California Procedure, section 149, page 2330.''

To the same effect are *County National Bank, etc., Co.* v. *Sheppard*, 136 Cal.App.2d 205, 223 [288 P.2d 880]; *Grayson* v. *Grayson*, 132 Cal.App.2d 471, 472 [282 P.2d 565]; and *Richard* v. *Richard*, 123 Cal.App.2d 900, 902 [267 P.2d 867], among many other cases. (See McK. Dig., Appeal and Error, § 875.)

Turning from plaintiff's inadequate references to the record to the argument made in support of the point that the evidence does not support the finding that plaintiff made no profit from its restaurant operation, it consists of one sentence. Referring to the evidence that he made certain payments on loans, plaintiff says: ''This evidence was not controverted and evidently the Court did not take it into consid-

eration in rendering its Judgment." This virtually amounts to an abandonment of the point.

Plaintiff also argues that because the court, in the presence of both counsel, viewed the premises "for the purpose of considering what it saw as evidence," it erred in ascribing no value whatsoever to the unexpired term of the lease.

The rule works the other way. █ A court view of the premises may be used to support a finding, even in the absence of other evidence. (*Key* v. *McCabe,* 54 Cal.2d 736, 739 [8 Cal.Rptr. 425, 356 P.2d 169]; *Woolliscroft* v. *Starr,* 225 Cal.App.2d 667, 670 [37 Cal.Rptr. 570].) We know of no case in which a view of the premises by the court, made by stipulation of counsel and in their presence, was cause for upsetting a finding otherwise supported by substantial evidence.

In any event, whatever the court saw had to be considered by it in the light of all the economic factors, including the rent provided for in the lease, which was a minimum of $750 per month, plus a percentage of the gross business.

The judgment is affirmed.

Shinn, P. J., and Ford, J., concurred.