[Civ. No. 11275.   Third Dist.   Jan. 26, 1967.]

JOHN HAYNES et al., Plaintiffs and Appellants, v. JOHN A. GWYNN et al., Defendants and Respondents.

Ralph E. Kingston for Plaintiffs and Appellants.

Albert E. Sheets and James A. Clayton for Defendants and Respondents.

REGAN, J.—Plaintiffs Haynes appeal from a judgment of the trial court, sitting without a jury, in favor of respondents Gwynn. Plaintiffs' complaint sought specific performance of an agreement for the sale of real property and, in the alternative, for damages for breach of contract.

Plaintiffs sued for specific performance on the basis of an option agreement which had been executed by defendants. The option agreement had been drawn in furtherance of a deposit receipt which had preceded it. The trial court found the defendants had performed all of the terms and conditions required of them under the deposit receipt and option agreement, and that plaintiffs did not so perform and gave judgment in favor of defendants.

Plaintiffs' sole contention on appeal as stated by them is the "Findings Of Fact and Conclusions of Law Adopted By The Trial Court In This Case Are Not Supported By The Facts Or The Law."

The settled findings of fact are eleven in number, the conclusions of law nine.

Plaintiffs have failed to comply with rule 15(a), California Rules of Court, having neglected to support by appropriate reference to the record wherein the findings are not supported by the facts of the case. Certain exhibits are referred to but not a single reference to line or even page of the reporter's transcript is made, although numerous references are made to testimony and what that testimony is.

There is conflicting evidence of a substantial character, and the appellate court is not required to examine the record to ascertain if the findings are supported by the evidence.

The law is as stated in *Grand* v. *Griesinger*, 160 Cal.App.2d 397, 403 [325 P.2d 475]: "Though counsel for appellants . . . repeatedly asserts insufficiency of the evidence, his brief does not comply with the rule or the authorities governing such a claim. Rule 15(a) of the Rules on Appeal requires: 'Each point in a brief shall appear separately under an appropriate heading, with subheadings if desired. Such headings need not be technical "assignments of errors" but should be concise headings which are generally descriptive of the subject matter covered. The statement of any matter in the record shall be supported by appropriate reference to the record. . . .' Appellants have not complied with these

requirements. Nor has counsel furnished adequate basis for a review of the evidence. 'The rule is well established that a reviewing court must presume that the record contains evidence to support every finding of fact, and an appellant who contends that some particular finding is not supported is required to set forth in his brief a summary of the material evidence upon that issue. Unless this is done, the error assigned is deemed to be waived. [Citation.] It is incumbent upon appellants to state fully, with transcript references, the evidence which is claimed to be insufficient to support the findings. The reviewing court is not called upon to make an independent search of the record where this rule is ignored. (*Goldring* v. *Goldring*, 94 Cal.App.2d 643, 645 [211 P.2d 342].)' (*McCosker* v. *McCosker*, 122 Cal.App.2d 498, 500 [265 P.2d 21].) 'A claim of insufficiency of the evidence to justify findings, consisting of mere assertion without a fair statement of the evidence, is entitled to no consideration, when it is apparent, as it is here, that a substantial amount of evidence was received on behalf of the respondents. Instead of a fair and sincere effort to show that the trial court was wrong, appellant's brief is a mere challenge to respondents to prove that the court was right. And it is an attempt to place upon the court the burden of discovering without assistance from appellant any weakness in the arguments of the respondents. An appellant is not permitted to evade or shift his responsibility in this manner.' (*Estate of Palmer*, 145 Cal.App.2d 428, 431 [302 P.2d 629].) See also 3 Witkin, California Procedure (1954) section 149, page 2330.'' (See also *Miller* v. *Hassen*, 182 Cal.App.2d 370, 376-377 [6 Cal.Rptr. 202]; *Burke* v. *Bloom*, 187 Cal.App.2d 155, 162 [9 Cal.Rptr. 563]; *People* v. *Meyer*, 216 Cal.App.2d 618, 635 [31 Cal.Rptr. 285]; *Du Zeff's Hollywood, Inc.* v. *Wald*, 235 Cal.App.2d 678, 682 [45 Cal.Rptr. 584].)

If and when we are required to perform tasks which are properly those of appellants' counsel, we necessarily relegate farther into the background appeals waiting their turn to be decided. It is unfair to litigants thus affected that we do this. Publication of this opinion has for its purpose notice to the lawyers practicing before this court that we will no longer tolerate deliberate disregard of established court rules.

The judgment is affirmed.

Pierce, P. J., and Friedman, J., concurred.