[Civ. No. 11339.    Third Dist.    June 14, 1967.]

WALTER J. SCHULZ, Plaintiff and Appellant, v. MADISON WULFING et al., Defendants and Respondents.

Ralph E. Kingston for Plaintiff and Appellant.

Elmo R. Smith, Flint & MacKay and John C. Argue for Defendants and Respondents.

THE COURT.—The appeal is by plaintiff Walter J. Schulz from a judgment in favor of both defendants after a court trial.

The complaint filed was in two counts. One was against defendant Wulfing. It appears that both plaintiff and defendant Wulfing are licensed real estate brokers and the first count of the complaint is based upon an alleged contract between the two to share a commission upon the sale of certain real property. Although plaintiff at the outset of his brief on appeal does not inform the court of this fact, that commission *was* shared and the argument on appeal does not even attempt any contention regarding that cause of action.

The second asserted cause of action is based upon a claim of fraud in which both compensatory and punitive damages are sought. We gather from the briefs filed that the asserted fraud has some connection with a transaction stated by the plaintiff to be a sale to parties named Seaton of a one-half interest in a motel to be constructed. (The brief of defendant TraveLodge refers to it as a joint venture between Trave-Lodge and the Seatons.)

Plaintiff is represented by attorney Ralph E. Kingston, who was also his attorney at the trial of the action and who has written a 36-page brief. Its theme is that the findings of fact of the trial court are not supported by the evidence. That is the sole contention.

In writing the plaintiff's brief said attorney gives lip service to the elementary rule that all presumptions and intendments must be resolved by a reviewing court in favor of the trial court's findings and that error must be affirmatively established. (*Crawford* v. *Southern Pacific Co.,* 3 Cal.2d 424 [45 P.2d 183].) This rule having been so recognized, plaintiff's counsel proceeds to ignore it.[1]

---

[1]For example, on page 8 of plaintiff's brief on appeal it is stated: "We will demonstrate by the evidence how the testimony of the plain-

On January 26, 1967, this court filed its decision in *Haynes* v. *Gwynn,* 248 Cal.App.2d 149 [56 Cal.Rptr. 82]. In that case plaintiff-appellant was represented by the same attorney, Ralph E. Kingston, who represents appellant here. The sole contention there, as here, was that the trial court's findings of fact were not supported by the evidence. The same disregard of the rule stated above occurred on the appeal in the *Haynes* case.

In the *Haynes* decision (on p. 150 of 248 Cal.App.2d) this court called attention to rule 15 (a) of the California Rules of Court. That part of that rule material here provides: "The statement of any matter in the record shall be supported by appropriate reference to the record." In the *Haynes* case our holding was to the effect that a disregard of this rule by appellant's counsel is deemed to be a waiver of the error assigned. We said on page 151 of 248 Cal.App.2d, quoting from *Grand* v. *Griesinger,* 160 Cal.App.2d 397, 403 [325 P.2d 475] : " '. . . It is incumbent upon appellants to state fully, with transcript references, the evidence which is claimed to be insufficient to support the findings. The reviewing court is not called upon to make an independent search of the record where this rule is ignored. [Citation.] . . . A claim of insufficiency of the evidence to justify findings, consisting of mere assertion without a fair statement of the evidence, is entitled to no consideration, when it is apparent, as it is here, that a substantial amount of evidence was received on behalf of the respondents. Instead of a fair and sincere effort to show that the trial court was wrong, appellant's brief is a mere challenge to respondents to prove that the court was right. And it is an attempt to place upon the court the burden of discovering without assistance from appellant any weakness in the arguments of the respondents. An appellant is not permitted to evade or shift his responsibility in this manner.' [Citations.] "

Plaintiff's 36-page brief contains but two references to pages of the reporter's transcript and those references are to matters which were either colloquies between the court and counsel when the court was ruling on an objection or refer to matters which, read out of context, are meaningless to an appellate court. No page references whatever are made to the clerk's transcript nor are any of the court's findings referred

tiff regarding the written contract for commission between Wulfing and TraveLodge is much more believable than the testimony of the defendant Wulfing in that regard."

to by number or otherwise specifically pointed out, although plaintiff assigns them generally as error under the contention they are unsupported by substantial evidence.

Thirty-one authorities are cited in plaintiff's brief to support the following elementary principle of hornbook law: that "The relationship as a fiduciary or other confidential relationship imposes a duty of disclosure."

Plaintiff did not have the exhibits (consisting of letters) sent up to this court. (We did have them sent to us.) Page after page of plaintiff's brief refers to and purports to explain these letters but not a single page reference to the transcript supports those explanations. By contrast, the brief of defendant TraveLodge contains record support by page and line number for every finding made by the court. These include the finding that neither defendant Wulfing nor anyone else received any compensation for services rendered in connection with the Seaton deal.

As stated, the *Haynes* decision, *supra,* was printed as a warning that this court "will no longer tolerate deliberate disregard of established court rules." That warning was addressed to the very attorney who is guilty in this appeal of the very same flaunting of court rules. The *Haynes* decision was filed January 26, 1967, and this appeal was on our calendar of April 18, 1967, during which period no effort was made by counsel to correct or supplement his brief. (Plaintiff's counsel asked for 30 minutes to argue, then after time had been allotted on the court's calendar telephoned the clerk, stating he had elected to waive argument.)

In the *Haynes* appeal we also stated: "If and when we are required to perform tasks which are properly those of appellants' counsel, we necessarily relegate farther into the background appeals waiting their turn to be decided." (248 Cal.App.2d at p. 151.) At present we have 253 separate matters pending, of which 88 are ready for hearing. Of the latter 49 are civil appeals which must defer to criminal appeals having priority. This appeal is frivolous. The reporter's transcript cost Mr. Kingston's client $299.75, the clerk's transcript cost $78.65. We do not even attempt to appraise the loss to the taxpayers reflected by the value of the wasted time of the members and staff of this court in attempting to review an appeal which, under court rules, is deemed unintelligible.

We also deem this an appropriate matter in which to apply

the sanctions imposed by rule 26 of the California Rules of Court.

A fine of $100 is imposed upon Kingston to be paid by him to the clerk of this court within 30 days. This is in addition to the costs on appeal which shall be borne by appellant. The judgment is affirmed.