[Civ. No. 41288. Second Dist., Div. Two. Oct. 29, 1973.]

WILLIAM McGOLDRICK, Plaintiff and Appellant, v.
PORTER-CABLE TOOLS et al., Defendants and Respondents;
INDUSTRIAL INDEMNITY COMPANY, Intervener and Appellant.

## COUNSEL

Nicholas Granet, Mansell & Giddens and Dwight T. Randall for Plaintiff and Appellant and for Intervener and Appellant.

■

Lynberg & McHale, Michael J. McHale, Charles A. Lynberg, Wyman, Bautzer, Rothman & Kuchel and Judith O. Stein for Defendants and Respondents.

## OPINION

**ROTH, P. J.**—On August 14, 1967, appellant, William McGoldrick, a glazier, was injured on the job when a saw manufactured by defendant Porter-Cable Tools (PCT) attached to a stand manufactured by defendant Commercial Tool and Die Company (CTD) flew apart due to a broken saw housing and struck appellant's left forearm severely injuring the same. Appellant sued both defendants on the theory of strict liability in tort (*Greenman* v. *Yuba Power Products, Inc.* (1963) 59 Cal.2d 57 [27 Cal. Rptr. 697, 377 P.2d 897, 13 A.L.R.3d 1049]) and the cause was tried to a jury. A nonsuit was granted as to respondent CTD and the jury returned verdict in favor of respondent PCT.

We affirm the judgment as to CTD and reverse as to PCT.

Appellant contends on the basis of bare assertion that error was committed in granting CTD's motion for nonsuit. References to the record having been tardily filed after oral argument and submission of this case, we could consider that California Rules of Court, rule 15(a) has been violated and not review the record. (*Haynes* v. *Gwynn* (1967) 248 Cal. App.2d 149 [56 Cal.Rptr. 82].) However, we find uncontradicted evidence shows that the housing on which the saw in question rested was in fact supplied by PCT; that whether or not said housing was defective, so that it could not withstand the high stress to which it was subjected, CTD had nothing to do with its defective or non-defective status. ■ When evidence is so palpably insufficient that a verdict against CTD could not be sustained it is the duty of the trial court ". . . to forestall the cost and delay of further proceedings by granting defendant's motion for nonsuit. . . ." (*O'Keefe* v. *South End Rowing Club*, 64 Cal.2d 729, 746 [51 Cal.Rptr. 534, 414 P.2d 830, 16 A.L.R.3d 1].)

The court at the request of respondent instructed on strict liability in tort (BAJI No. 9.00) and at the request of appellant gave BAJI No. 9.01 on the same subject. ■ It properly refused respondent's requested instruction on contributory negligence (BAJI No. 3.50) but improperly refused appellant's requested instruction on contributory negligence as

■

follows: "Contributory negligence of WILLIAM MCGOLDRICK or negligence of his employer OLSON GLASS COMPANY are not defenses to an action based on strict liability for a defective product." (*Ruiz* v. *Minnesota Mining & Mfg. Co.* (1971) 15 Cal.App.3d 462, 471-473 [93 Cal.Rptr. 270]; *Lewis* v. *American Hoist & Derrick Co.* (1971) 20 Cal.App.3d 570, 574 [97 Cal.Rptr. 798].)

PCT had pleaded both contributory negligence and assumption of risk as affirmative defenses in its answer and argued appellant's negligence, assumption of risk and/or misuse generally at length before the jury. ■ Whether it was negligence, misuse, contributory negligence or whether appellant had assumed the risk were questions of fact for the jury.

The court's error in refusing to give appellant's requested instruction on contributory negligence was compounded by its refusal to give an assumption of risk instruction BAJI No. 4.30 requested by respondent. Thus, from the moment the case went to the jury, the threat of reversible error hung over the trial like the "sword of Damocles" regardless of which party prevailed.

PCT argues that the instruction on contributory negligence was properly refused because it did not distinguish between ordinary contributory negligence and that special type of negligence known as assumption of risk and on the further paradoxical ground that said two types of negligence are frequently undistinguishable although our Supreme Court in *Luque* v. *McLean* (1972) 8 Cal.3d 136, 145-146 [104 Cal.Rptr. 443, 501 P.2d 1163] had no difficulty in showing the distinction.

■ The instruction, as requested, however, is a correct statement of the law. ■ In *Luque* v. *McLean, supra,* the court makes it clear that assumption of the risk is a defense in a strict liability action, whereas ordinary contributory negligence is not. The theories of the two types of negligence are conceptually different. Thus the court, at page 145 stated: "Ordinary contributory negligence does not bar recovery in a strict liability action. 'The only form of plaintiff's negligence that is a defense to strict liability is that which consists in *voluntarily and unreasonably proceeding to encounter a known danger,* more commonly referred to as assumption of risk. ■ For such a defense to arise, the user or consumer must become aware of the defect and danger and still proceed unreasonably to make use of the product.' "

In California Jury Instructions-Civil (BAJI) they are covered in different parts. (See BAJI Nos. 3.50-3.72 and Nos. 4.30-4.32.) ■ As to

defense of assumption of risk, the burden is upon the defendant to establish the defense. (*Luque, supra,* p. 145.) ■ There was no obligation upon appellant to cover in his requested instruction each and every point favorable to PCT. (*Menchaca* v. *Helms Bakeries, Inc.* (1968) 68 Cal.2d 535, 543 [67 Cal.Rptr. 775, 439 P.2d 903].)

The jury had two primary issues to determine: The first was the question of whether or not there was a defect in the saw. There was evidence to indicate that the saw motor housing was defective due to defects in the casting of the metal. PCT, however, introduced testimony showing that the alleged defect was not a structural defect, but was a cosmetic defect; and the break was due to unnatural stress from misuse of the saw. ■ The question and nature of the defect was thus squarely in issue.

■ Whether there was either contributory negligence or assumption of risk was also at issue since the evidence showed: appellant's employer had rendered a safety guard useless; however, when PCT repaired the saws, they would be returned with the guards in the same ineffective status; a knob nut placed on the saw housing to keep it attached to the base had been replaced by appellant's employer with a pop rivet; there were cracks in the housing prior to the accident and these cracks had been noticed by another employee but not appellant; and further, appellant might have been making an improper cut with the saw at the time of the accident. In addition, there was also evidence that the saws could not be used in the glazing industry with the safety guard in place and that the safety guard was for the saw when it is used as a skill saw in the carpentry industry. At such times it is used without a base. ■ There was also evidence which would have had a bearing on whether or not there was a defect in design; that PCT knew that the saws in question were being used in the glazing industry for cutting aluminum. (See *Garcia* v. *Halsett* (1970) 3 Cal.App.3d 319 [82 Cal.Rptr. 420]; *Pike* v. *Frank G. Hough Co.* (1970) 2 Cal.3d 465 [85 Cal.Rptr. 629, 467 P.2d 229].)

■ The evidence above recounted was also relevant on the question of whether or not there was an assumption of the risk or contributory negligence on the part of appellant. Finally, in argument, counsel for PCT made references to changes that had been made in the saw and the fact that the saw was being used in ways that were totally inconsistent with fault on the part of PCT. While never mentioning either contributory negligence or assumption of the risk there is no question that these were the concepts involved.

The net effect of the denial of the requested instructions was to leave two important concepts to be decided essentially on an equity basis which

obviously is not the law and is in conflict with the "deep pocket theory" of the Supreme Court in *Greenman* v. *Yuba Power Products, Inc.* (1963) 59 Cal.2d 57 [27 Cal.Rptr. 697, 377 P.2d 897, 13 A.L.R.3d 1049].) ▮ Each party was and is entitled to have the jury instructed on his particular theory of the case so long as there is evidence to support the theory. (*Stickel* v. *Durfee* (1948) 88 Cal.App.2d 402 [199 P.2d 16].) At bench the evidence was present, the theory was argued, the request was made, but the instruction was refused. ▮ There was prejudicial error in this refusal and we reverse.

Since this case will in all probability have to be retried, in order to prevent yet another appeal we will discuss a point that has not been raised by the parties, but looms as a possible error in another trial. At trial, appellant presented expert evidence of a metallurgist. This expert testified as to the effect of porosity, cold shots and lack of fusion in the metal. In defense PCT presented testimony of a mechanical engineer who was allowed to testify as to the causes of the breakage in the housing. When objections were made as to his qualifications, an objection was overruled. Upon a retrial it is suggested that the trial court examine the qualifications of any witness testifying as an expert before the witness testifies on a subject limited to expert testimony. (See Evid. Code, § 720, subd. (a).)

The judgment is reversed as to PCT and affirmed as to CTD. Each party to bear their own costs on appeal.

Fleming, J., concurred.

**COMPTON, J.**—I concur in affirming the judgment as to Commercial Tool and Die Co., Inc., and I dissent from the reversal of the judgment as to Porter-Cable Tools.

The evidence so overwhelmingly supports a finding of no liability on the part of defendant Porter-Cable Tools that any error in failing to give the requested instruction was harmless. No different result was probable even if the instruction had been given.

Furthermore, there was no error in the court's refusal to instruct on "ordinary" contributory negligence since it was not made an issue in the case by the evidence offered by defendant. The entire case was tried on the issues of whether there was in fact a defect, and if so, whether that defect caused the injury.

Before a party may claim reversible error on the basis of the failure to give a requested instruction, he must show more than that his proffered instruction was a correct abstract statement of the law. He must show that the instruction contained a full and correct statement of the law as applied to the issues raised by the evidence. (*Wilkinson* v. *Southern Pacific Co.,* 224 Cal.App.2d 478 [36 Cal.Rptr. 689]; *Trelut* v. *Kazarian,* 110 Cal.App. 2d 506 [243 P.2d 104].) It is not error to reject an instruction which is incomplete. (*Hardin* v. *Elvitsky,* 232 Cal.App.2d 357 [42 Cal.Rptr. 748].)

Finally, I believe that the majority has failed to heed the mandate of article VI, section 13 of the Constitution of the State of California that "No judgment shall be set aside . . . on the ground of misdirection of the jury, . . . unless, after an examination of the entire cause, . . . the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice."

There was no miscarriage of justice here, therefore I would affirm the judgment as to Porter-Cable Tools.

A petition for a rehearing was denied November 28, 1973. Compton, J., was of the opinion that the petition should be granted. The petition of respondent Porter-Cable Tools for a hearing by the Supreme Court was denied December 27, 1973.