Filed 9/23/20  JPMorgan Chase Bank v. Raskin CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A., <br><br>     Plaintiff and Respondent, <br><br>     v. <br><br> ALEX RASKIN, <br><br>     Defendant, Cross-defendant and Appellant; <br><br> TASHA WILLIS and WELLS FARGO BANK, N.A., <br><br>     Defendants, Cross-complainants and Respondents. | B292597 <br><br> Los Angeles County <br> Super. Ct. No. BC545301 |

APPEALS from orders of the Superior Court of Los Angeles County, Gregory Alarcon, Judge. Affirmed.

Neil C. Evans for Defendant, Cross-defendant and Appellant.

Parker Ibrahim & Berg, John M. Sorich and Bryant S. Delgadillo for Plaintiff and Respondent JPMorgan Chase Bank, N.A.

Epport, Richman & Robbins, Mark Robbins and Nami Kang for Defendants, Cross-complainants and Respondents Tasha Willis and Wells Fargo Bank, N.A.

---

Appellant Alex Raskin challenges two orders awarding attorney's fees to respondents JPMorgan Chase Bank, N.A., Wells Fargo Bank, N.A., and Tasha Willis. We conclude Raskin failed to demonstrate reversible error and affirm the orders.

The most fundamental rule of appellate review is that the judgment or order challenged on appeal is presumed to be correct, and "it is the appellant's burden to affirmatively demonstrate error." (*People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1573.) " 'All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) To overcome this presumption, an appellant must provide a record that allows for meaningful review of the challenged order. (*Ibid.*)

In addition, parties must provide citations to the appellate record directing the court to the supporting evidence for each factual assertion contained in that party's briefs. When an opening brief fails to make appropriate references to the record to support points urged on appeal, we may treat those points as waived or forfeited. (See, e.g., *Lonely Maiden Productions, LLC v. GoldenTree Asset Management, LP* (2011) 201 Cal.App.4th 368, 384; *Dietz v. Meisenheimer & Herron* (2009) 177 Cal.App.4th 771, 779–801 [several contentions on appeal "forfeited" because

appellant failed to provide a single record citation demonstrating it raised those contentions at trial].) Further, "an appellant must present argument and authorities on each point to which error is asserted or else the issue is waived." (*Kurinij v. Hanna & Morton* (1997) 55 Cal.App.4th 853, 867.) Matters not properly raised or that lack adequate legal discussion will be deemed forfeited. (*Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 655–656.) In short, an appellant must demonstrate error based on sufficient legal argument supported by citation to an adequate record. (*Yield Dynamics, Inc. v. TEA Systems Corp.* (2007) 154 Cal.App.4th 547, 556–557.)

An appellant has the burden not only to show error but prejudice from that error. (Cal. Const., art. VI, § 13.) If an appellant fails to satisfy that burden, his argument will be rejected on appeal. (*Century Surety Co. v. Polisso* (2006) 139 Cal.App.4th 922, 963.) "[W]e cannot presume prejudice and will not reverse the judgment in the absence of an affirmative showing there was a miscarriage of justice. [Citations.] Nor will this court act as counsel for appellant by furnishing a legal argument as to how the trial court's ruling was prejudicial. [Citations.]" (*Ibid*.)

Raskin's brief is insufficient on a multitude of grounds. Mainly, he fails to present a coherent argument supported by relevant legal authority. Although Raskin contends the court abused its discretion in awarding attorney's fees to respondents, he provides no discussion of the legal standard a court must apply in making such an award. In his four-page argument section, Raskin does not discuss the applicable statutes nor does he present any analysis to support his contention that the court

3

abused its discretion. Instead, he simply questions the court's rulings.

By way of example, we quote one paragraph from the four-page argument section of Raskin's opening and only brief:

"The Court awarded attorneys' fees for an unsuccessful Writ of Attachment. (C.T., page 688). The Court awarded about $100,000 in fees for opposing Demurrers and Motions to Strike by co-defendant Wells Fargo Bank, as to claims for fraud against Wells Fargo Bank and its borrower, Tasha Willis. (C.T., pages 689-694.) How could Mr. Raskin be held accountable for any attorneys' fees incurred by the defense of a fraud claim by Wells Fargo Bank? J.P. Morgan Chase won the case against Mr. Raskin strictly on a very, very modest Motion for Summary Judgment on the Promissory Note in question, in which it relied upon the Note and the declaration of one witness that said Mr. Raskin failed to pay the balance on the note. Under such circumstances, the award of $250,000 (an amount equal to the amount of the outstanding note) in attorneys' fees, is an outrage."

Even given the most generous reading, we cannot detect any legal argument or analysis in Raskin's opening brief. " 'We are not obliged to make other arguments for [appellant] [citation], nor are we obliged to speculate about which issues counsel intend to raise.' (*Opdyk v. California Horse Racing Bd*. (1995) 34 Cal.App.4th 1826, 1831, fn. 4; see *In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830 ['We are not bound to develop appellants' arguments for them.'].) We may and do 'disregard conclusory arguments that are not supported by pertinent legal authority or fail to disclose the reasoning by which the appellant reached the conclusions he wants us to adopt.' (*City of Santa Maria v. Adam* [(2012) 211 Cal.App.4th

4

266,] 287.)" (*Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 277.) And we note, as the court said in *Haynes v. Gwynn* (1967) 248 Cal.App.2d 149, 151, "If and when we are required to perform tasks which are properly those of appellants' counsel, we necessarily relegate farther into the background appeals waiting their turn to be decided. It is unfair to litigants thus affected that we do this."

In accordance with the appellate law principles just stated, we conclude Raskin failed to carry his burden to demonstrate prejudicial error.

## DISPOSITION

The orders are affirmed. JPMorgan Chase Bank, N.A., Wells Fargo Bank, N.A., and Tasha Willis shall recover their costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

LAVIN, Acting P. J.

WE CONCUR:

EGERTON, J.

DHANIDINA, J.

5