Filed 10/6/20  Marroquin v. Jones CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MANOLO MARROQUIN, | B291625 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. BC663215 |
| DEREK JONES, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, William F. Fahey, Judge. Affirmed.

Daniel E. Park Law, Christopher C. Cianci and Daniel Park for Defendant and Appellant.

Segal Law Group, Lawrence Segal and Andrew D. Shupe for Plaintiff and Respondent.

Defendant and appellant Derek Jones challenges a default judgment entered in favor of plaintiff and respondent Manolo Marroquin following the court's issuance of terminating sanctions relating to alleged discovery abuse by Jones. We conclude Jones failed to demonstrate reversible error and affirm the judgment.

The most fundamental rule of appellate review is that the judgment or order challenged on appeal is presumed to be correct, and "it is the appellant's burden to affirmatively demonstrate error." (*People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1573.) " 'All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) To overcome this presumption, an appellant must provide a record that allows for meaningful review of the challenged order. (*Ibid.*)

In addition, parties must provide citations to the appellate record directing the court to the supporting evidence for each factual assertion contained in that party's briefs. When an opening brief fails to make appropriate references to the record to support points urged on appeal, we may treat those points as waived or forfeited. (See, e.g., *Lonely Maiden Productions, LLC v. GoldenTree Asset Management, LP* (2011) 201 Cal.App.4th 368, 384; *Dietz v. Meisenheimer & Herron* (2009) 177 Cal.App.4th 771, 779–801 [several contentions on appeal "forfeited" because appellant failed to provide a single record citation demonstrating it raised those contentions at trial].) Further, "an appellant must present argument and authorities on each point to which error is asserted or else the issue is waived." (*Kurinij v. Hanna & Morton* (1997) 55 Cal.App.4th 853, 867.) Matters not properly raised or that lack adequate legal discussion will be deemed forfeited.

(*Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 655–656.) In short, an appellant must demonstrate prejudicial or reversible error based on sufficient legal argument supported by citation to an adequate record. (*Yield Dynamics, Inc. v. TEA Systems Corp.* (2007) 154 Cal.App.4th 547, 556–557.)

An appellant has the burden not only to show error but prejudice from that error. (Cal. Const., art. VI, § 13.) If an appellant fails to satisfy that burden, his argument will be rejected on appeal. (*Century Surety Co. v. Polisso* (2006) 139 Cal.App.4th 922, 963.) "[W]e cannot presume prejudice and will not reverse the judgment in the absence of an affirmative showing there was a miscarriage of justice. [Citations.] Nor will this court act as counsel for appellant by furnishing a legal argument as to how the trial court's ruling was prejudicial. [Citations.]" (*Ibid.*)

Jones's opening brief is insufficient on a multitude of grounds. Mainly, he fails to present a coherent argument supported by relevant legal authority. Although Jones contends the court abused its discretion in imposing terminating sanctions against him, he provides no meaningful discussion of the legal standard a court must apply in making such an order. Instead, he recites basic blackletter law and then lists, with bullet points, five cases in which our Courts of Appeal have reversed monetary or other sanctions deemed disproportionate to the underlying misconduct. Jones does not discuss or analyze the cases he lists, nor does he explain how (or whether) they are analogous to the present case. He does not cite, let alone discuss, the relevant statutory authority. And in his factual and procedural background, he rarely cites to specific pages in the appellate

record. In short, Jones fails to establish that the trial court abused its discretion.

"We may and do 'disregard conclusory arguments that are not supported by pertinent legal authority or fail to disclose the reasoning by which the appellant reached the conclusions he wants us to adopt.' (*City of Santa Maria v. Adam* [(2012) 211 Cal.App.4th 266,] 287.)" (*Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 277.) And we note, as the court said in *Haynes v. Gwynn* (1967) 248 Cal.App.2d 149, 151, "If and when we are required to perform tasks which are properly those of appellants' counsel, we necessarily relegate farther into the background appeals waiting their turn to be decided. It is unfair to litigants thus affected that we do this."

We also note, for the record, that Jones (an attorney who had been representing himself in the trial court) admits he made mistakes in his handling of the litigation by, for example, ignoring plaintiff's discovery requests, failing to contact plaintiff's counsel, and refusing to comply with court-ordered discovery. These mistakes could have been considered by the trial court in connection with a request for relief under Code of Civil Procedure section 473, subdivision (b). They do not, however, establish an abuse of discretion by the trial court in imposing terminating sanctions against Jones in the first instance or entering a default judgment against him.

## DISPOSITION

The judgment is affirmed. Respondent Manolo Marroquin shall recover his costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

LAVIN, J.

WE CONCUR:

EDMON, P. J.

DHANIDINA, J.